UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, and LUCASFILM ENTERTAINMENT COMPANY LTD. LLC,<br><br>*Plaintiffs,*<br><br>-against-<br><br>THE SECRET DIS GROUP LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA,<br><br>*Defendants.* | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING<br><br>DEMAND FOR JURY TRIAL, REQUEST FOR PERMANENT INJUNCTIVE RELIEF |

Plaintiffs, Disney Enterprises, Inc., Lucasfilm Ltd. LLC, and Lucasfilm Entertainment Company Ltd. LLC (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as follows:

## INTRODUCTION

1.     Plaintiffs file this action to combat infringement of their intellectual property rights. Defendants own and operate an online retailer—originally named

"The Secret Disney Group" and later re-branded as "Sparkling Dreamers"—designed to trade off of Plaintiffs' trademarks and sell unauthorized products using Plaintiffs' copyrighted properties. Nearly a year ago, Plaintiffs, hoping to resolve this matter without litigation, asked Defendants to cease their infringement; Defendants falsely promised they would. Instead, Defendants made superficial changes to their businesses and continued on with their infringing operations, selling numerous types of consumer goods bearing Plaintiffs' well-known characters and brands.

2.      Plaintiffs file this action to halt Defendants' infringement of Plaintiffs' intellectual property rights and seek a permanent injunction, damages, costs, and attorneys' fees, as authorized by the Copyright Act and Lanham Act.

<u>**JURISDICTION AND VENUE**</u>

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, as Plaintiffs' claims arise under the Copyright Act (17 U.S.C. § 101 *et. seq.*) and Lanham Act, as amended (15 U.S.C. §1051 *et. seq*).

4.      Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b), 1400(a).

## THE PARTIES

### PLAINTIFFS

5.     Plaintiff Disney Enterprises, Inc. ("DEI"), is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

6.     Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (collectively, "Lucasfilm") are limited liability companies duly organized and existing under the laws of the State of California, having their principal place of business in San Francisco, California.

7.     Plaintiffs and certain affiliated entities engage in businesses that include production and distribution of motion pictures and television programs, as well as live entertainment, including theme park experiences. Plaintiffs also engage in merchandising and licensing the characters and elements associated with their motion pictures, television programs, and related franchises. These merchandising and licensing businesses span a variety of goods and services, including apparel, accessories, and novelty items.

8.     Plaintiffs own and/or exclusively control numerous properties for which they have obtained Certificates of Copyright Registration with the U.S. Copyright Office (collectively, "Plaintiffs' Copyrights"). A representative, non-exhaustive list of such copyrighted works is attached as Exhibit A.

9.      Plaintiffs own all rights, title, and interest in and to certain trademarks that are duly registered with the U.S. Patent and Trademark Office and/or established through Plaintiffs' use in commerce in the United States (collectively, "Plaintiffs' Trademarks"). A representative, non-exhaustive list of such trademarked properties is attached as Exhibit B.

10.     Plaintiffs' merchandising and licensing business includes the use of Plaintiffs' Trademarks in commerce. Because of widespread advertising and sales by Plaintiffs, their affiliates, and/or respective licensees, as well as longstanding consumer recognition and acceptance, Plaintiffs' Trademarks are powerful source identifiers of and for Plaintiffs' authorized products and services. Plaintiffs' Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers. All authorized merchandising and licensing of Plaintiffs' Trademarks is subject to Plaintiffs' control over such use, including the quality of the licensed goods and services.

11.     Plaintiffs' Copyrights and Plaintiffs' Trademarks will collectively be referred to as "Plaintiffs' Properties."

## DEFENDANTS

12.     Defendant The Secret Dis Group LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members (collectively, "Secret Disney Group") is a limited liability company organized under the laws of the State of

Florida, located in this judicial district, with a principal address at: 4646 Prairie Point Blvd., Kissimmee, Florida 34746.

13.     Defendant Popsella Inc. a/k/a Popsella Marketplace (collectively, "Popsella") is a corporate entity organized under the laws of the State of Florida, located in this judicial district, with a principal address at: 4646 Prairie Point Blvd., Kissimmee, Florida 34746.

14.     Defendant Christopher B. Martin ("C. Martin") is an individual residing in this judicial district in Kissimmee, Florida. Defendant C. Martin is a manager, co-founder, and controlling force in the operations of Secret Disney Group and Popsella. Defendant C. Martin has the right and ability to supervise, or otherwise control, the infringing activities alleged herein, and has a direct financial interest in such activities. Further, Defendant C. Martin has knowledge, or reason to know, of such infringing activities, and took actions that contributed to such activities.

15.     Defendant Hannah Martin a/k/a Hannah Ferreira a/k/a Hannah Vieira ("H. Martin"), is an individual residing in this judicial district in Kissimmee, Florida. Defendant H. Martin is a manager, co-founder, and controlling force in the operations of Secret Disney Group and Popsella. Defendant H. Martin has the right and ability to supervise, or otherwise control, the infringing activities alleged herein, and has a direct financial interest in such activities. Further, Defendant H.

Martin has knowledge, or reason to know, of such infringing activities, and took actions that contributed to such activities.

16.     Defendants Secret Disney Group, Popsella, C. Martin, and H. Martin will collectively be referred to as "SDG" or "Defendants."

## FACTUAL ALLEGATIONS

### DEFENDANTS' INFRINGING CONDUCT

17.     Defendants operate an online retail sales business that manufactures, markets, sells, and distributes consumer products such as face masks, magnets, hair accessories, mouse ear headwear, stickers, decals, key chains, hats, fanny packs, and buttons.

18.     Defendants' numerous products make unauthorized use of Plaintiffs' Properties and are being marketed and sold in a manner that is confusing to consumers. The below chart details representative, non-exhaustive examples of how Defendants have infringed Plaintiffs' Properties.[1] The left column shows examples of Plaintiffs' Properties; the right column shows products from Defendants that unlawfully use or otherwise reproduce Plaintiffs' Properties.

---

[1] The registration numbers listed with Plaintiffs' Properties are copyright registration numbers when a letter prefix is used and trademark registration numbers when no letter prefix is used.

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **CASTLE GRAPHICS**<br><br><br><br>Vau 1-224-516<br><br><br><br>Vau 1-360-045<br><br><br><br>Vau 1-359-338<br><br>**CASTLE DESIGN MARK**<br><br><br><br>Reg. No. 4,006,387 |  <br><br><br><br><br><br> |
| **DARTH VADER**<br><br><br><br>VA 1-910-796 |  |

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **DISNEY WORD MARKS**<br><br>DISNEY<br>Reg. No. 2,888,282<br><br>DISNEY<br>Reg. No. 3,088,198<br><br>DISNEY<br>Reg. No. 4,208,634<br><br>WALT DISNEY WORLD<br>Reg. No. 980,955<br><br>DISNEY DREAM<br>Reg. No. 3,948,324<br><br>DISNEY DREAM<br>Reg No. 3,948,384<br><br>DISNEY DREAM<br>Reg. No. 3,951,348<br><br>**DISNEYLAND** SIGN AND LOGO<br><br> | <br><br> |

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **DISNEY'S ALICE IN WONDERLAND**<br><br>Alice      VA 1-969-547<br><br>Mad Hatter      March Hare<br><br>VA 124-730 |  |
| **DISNEY'S ROBIN HOOD**<br><br>VA 124-730 |  |
| **DISNEY'S THE LITTLE MERMAID**<br><br>Ariel      Flounder<br><br>VA 851-710 |  |

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **DUMBO**  VA 2-133-757 |  |
| **MICKEY MOUSE**  VA 1-886-838  VA 1-812-381  VA 2-056-530 **THREE CIRCLE MOUSE EAR DEVICE**  Reg. No. 2,784,058 |     |

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **MINNIE MOUSE**<br><br>VA 1-857-568 |  |
| **MOANA**<br><br>VA 2-049-805 |  |
| **OLAF**<br><br>VAu 1-155-858 |  |
| **STITCH**<br><br>VA 1-094-896 |  |

| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |
|---|---|
| **THE MANDALORIAN: THE CHILD**<br><br>VA 2-180-254 |  |
| **TIM BURTON'S THE NIGHTMARE BEFORE CHRISTMAS**<br><br>Jack Skellington<br><br>Oogie Boogie<br><br>Sally<br>VA 1-733-698 | <br><br> |



| PLAINTIFFS' PROPERTIES | DEFENDANTS' UNAUTHORIZED USE |

19.     SDG has provided these and other infringing products through a variety of web-based retail channels, many of which trade off of Plaintiffs' Trademarks.  For instance, Defendants own or otherwise control websites with the domain names secretdisneygroup.com, sparklingdreamers.com, sparklingmembers.com, and popsella.com (collectively, the "SDG Sites").

20.     Defendants have also offered their infringing products via social media pages, profiles, groups, and accounts on platforms such as Facebook, Instagram, TikTok, MeWe, and YouTube (collectively, the "SDG Social Media"). To that same end, Defendants have used online storefronts, marketplace shops, and seller accounts found on third-party sales websites, including, but not limited

to Etsy, eBay, and Amazon (collectively, the "SDG Third Party Sites") to offer and sell their infringing products as well.[2]

21.     In addition to profiting from the sale of infringing products, SDG has also used Plaintiffs' Properties to promote its business and intentionally foster confusion between Plaintiffs' brands and SDG's infringing products. At nearly every step in the process, SDG uses Plaintiffs' Properties to suggest that Defendants are somehow associated with Plaintiffs.

> a.     For instance, SDG has used, without authorization, Plaintiffs' well-known, federally registered DISNEY word marks, MICKEY MOUSE design mark, CASTLE design mark, and THREE CIRCLE MOUSE EAR device mark, in conjunction with SDG's marketing, advertising, promotional material, and online content offering for sale infringing products. See Exhibits D-G.[3] An example is below:



---

[2] The websites, accounts, and pages comprising the SDG Sites, SDG Social Media, and SDG Third Party Sites known at present, are listed on attached Exhibit C. Examples of infringing content from the SDG Sites, SDG Social Media, and SDG Third Party Sites are attached as Exhibits D, E, and F, respectively.

[3] Exhibit G contains representative examples of SDG's unauthorized use of, specifically, the DISNEY word mark, throughout the SDG Sites, SDG Social Media, and SDG Third Party Sites.

b.     Defendants have attempted to confuse consumers by falsely identifying the location of "The Secret Disney Group Shop" as "Walt Disney World Resort Orlando, Florida 32830" on numerous online platforms, and using map excerpts to suggest that their business is located in Walt Disney World. See attached Exhibit H. An example from one of the SDG Sites is below:



c.     Defendants have marketed online promotional contests, sweepstakes, and auctions that commingle, or otherwise associate, Defendants' unauthorized products with licensed Disney merchandise. See attached Exhibit I. Here, SDG trades upon Plaintiffs'

Trademarks in obtaining the participants, and again when leveraging such participants as web traffic to the SDG Sites and SDG Social Media.

d.     SDG created and used in commerce, a SPARKLING DREAMERS JUST KEEP DREAMING device mark (the "Sparkling Dreamers Mark"), which misuses, and deliberately and confusingly evokes Plaintiffs' famous vintage DISNEYLAND PARK ENTRANCE and DISNEY DREAM marks, and CASTLE device mark, combined with text utilizing one of Plaintiffs' classic 'Disneyland' fonts, as seen directly below:



22.     Defendants' use of the Sparkling Dreamers Mark in conjunction with offering for sale, marketing, and advertising of its unauthorized products is, again, a deliberate act intended to further associate the unauthorized products with

Plaintiffs, and foster the misconception that Plaintiffs sponsor or otherwise approve of SDG's infringement.

23.     Defendants went so far as to apply for registration with the U.S. Patent & Trademark Office ("USPTO") for the Sparkling Dreamers Mark, in Class 35 for advertising and business services, specifying online and in-person retail services featuring sunglasses, mouse ears, masks, and clothing ("Application No. 90460395"). See attached Exhibit J.

24.     After multiple requests by Plaintiffs, SDG eventually withdrew USPTO Application No. 90460395, effectively abandoning the Sparkling Dreamers Mark, and agreed to waive all rights to the mark. Since then, SDG reneged on this commitment: SDG continues to use the Sparkling Dreamers Mark and has retracted its agreement to waive all rights to the Sparkling Dreamers Mark. See attached Exhibit K.

25.     These and other unauthorized uses of Plaintiffs' Trademarks by SDG not only violate Plaintiffs' exclusive rights to sell services and merchandise bearing the Plaintiffs' Trademarks, but also further associate SDG's unauthorized products with Plaintiffs brands. In doing so, SDG intentionally conveys the misconception that Plaintiffs sponsor or otherwise approve of SDG's business. SDG further promotes this false association on social media, causing the general public to associate the unauthorized products with Plaintiffs' characters, and SDG's

business with Plaintiffs' brands (e.g., Defendant C. Martin being involved in Disney park and resort operations). See attached Exhibit L.

26.     Defendants' entire business has been—and continues to be—premised on the unauthorized use of Plaintiffs' Properties, specifically text, image, and audio references to various properties (real and intellectual), characters, products, resorts, structures, rides, events, and attractions owned, operated, or otherwise associated with the Plaintiffs and/or the Plaintiffs' respective parent corporate entities. See attached Exhibit M.

### SDG REFUSES TO ENGAGE WITH PLAINTIFFS IN GOOD FAITH

27.     For nearly a year, Plaintiffs have attempted to work with Defendants to remove Defendants' blatantly infringing material.

28.     On or about December 1, 2021, Plaintiffs sent a letter to Defendant C. Martin, demanding that SDG immediately cease and desist any and all unauthorized use of Plaintiffs' Properties, specifically: a) stop all operations involving Plaintiffs' Properties; b) stop manufacturing, marketing, selling, offering for sale, and distributing products bearing Plaintiffs' Properties; and c) abandon the Sparkling Dreamers Mark application for registration with the USPTO. See attached Exhibit N. Defendant Martin responded that he would comply with these demands, yet almost immediately moved many of SDG's infringing activities to new websites and social media pages.

29.   Because of Defendants' failure to comply, on or about December 7, 2021, Plaintiffs sent a second letter to Defendant C. Martin, demanding that SDG immediately cease and desist any and all unauthorized use of Plaintiffs' Properties. See attached Exhibit O.

30.   In response, Defendants have failed to cooperate in good faith. Despite repeated outreach from Plaintiffs and Defendants' professed willingness to resolve this matter, SDG continues its unauthorized use of Plaintiffs' Properties. Rather than comply with Plaintiffs' reasonable demands, SDG has used the past ten months to escalate its infringement:

    a.   SDG has not removed Plaintiffs' Properties from the SDG Sites, SDG Social Media, and/or the SDG Third Party Sites.

    b.   SDG continues to advertise, offer for sale, and sell products bearing Plaintiffs' Properties.

    c.   SDG has expanded its infringements by incorporating additional Plaintiffs' Properties into SDG's products.

    d.   SDG continues to utilize and capitalize on Plaintiffs' Properties in promoting its unauthorized products and SDG's own brand.

    e.   The SDG Social Media is still actively generating content, accepting new members, and leveraging said members to participate in SDG's infringing business ventures. See attached Exhibit P.

   f. Defendant Martin has continued to represent that the unauthorized products are not infringing.

31. While purporting to respect Plaintiffs' Properties, Defendants have launched a new business venture that not only continues to sell products bearing Plaintiffs' Properties, but also enables the sale of counterfeit or infringing merchandise by members belonging to SDG Social Media groups and/or subscribers of SDG Sites. See Exhibits D-4, E-1, M-1, and P-1. For instance, after Plaintiffs asked Defendants to cease and desist from using the name "Secret Disney Group," Defendants began using the names Popsella, Sparkling Dreamers, and Sparkling Members on social media. Defendants actively encouraged their social media following to migrate to these new groups so that Defendants could continue to profit from the sale of unauthorized products bearing Plaintiffs' Properties.

32. SDG has not only ignored Plaintiffs' demand to surrender any and all infringing merchandise within its possession, SDG has used sales promotions to sell as many infringing products as quickly as possible—including promotions occurring as recently as November 2022. See attached Exhibit Q.

33. Despite repeatedly receiving both actual and constructive notice of Plaintiffs' exclusive rights, SDG has continued to market, offer for sale, and sell unauthorized goods bearing Plaintiffs' Properties. Defendants' actions constitute willful and intentional violation of Plaintiffs' rights.

## COUNT I – COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 et seq.)

34.     Plaintiffs repeat each allegation set forth in Paragraphs 1-8, 11-21, and 26-33 above, as if fully set forth herein.

35.     Plaintiffs own all right, title, and interest in Plaintiffs' Copyrights. Further, Plaintiffs have complied in all respects with the provisions of the Copyright Act, and hold valid copyright registrations in Plaintiffs' Copyrights, attached as Exhibit A.

36.     Defendants have made unauthorized commercial uses, including, without limitation, unauthorized reproductions and/or copies, distribution, and public displays of Plaintiffs' Copyrights. Representative images of Defendants' unauthorized uses of Plaintiffs' Copyrights are attached as Exhibits D–F, I, and L-M.

37.     Defendants had access to Plaintiffs' Copyrights, and many of the designs utilized in creating Defendants' products are substantially similar, if not identical, to Plaintiffs' Copyrights.

38.     Without Plaintiffs' consent, Defendants have intentionally infringed and continue to infringe Plaintiffs' Copyrights.

39.     As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. § 501. Further, Defendants' conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2).

40.     Defendants' conduct has injured Plaintiffs in a monetary amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek the following remedies: a) injunctive relief pursuant to 17 U.S.C. § 502; b) Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504; and c) Plaintiffs' costs, including attorneys' fees, in prosecuting this action pursuant to 17 U.S.C. § 505. Further, because Defendants' infringement has been—and continues to be—willful and intentional in nature, Plaintiffs may, at their election, recover the maximum amount of statutory damages for each infringed work in accordance with 17 U.S.C. § 504(c)(2).

### COUNT II – TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)

41.     Plaintiffs repeat each allegation set forth in Paragraphs 1-7 and 9-33 above, as if fully set forth herein.

42.     Plaintiffs are the owners of the exclusive rights to Plaintiffs' Trademarks, including the federal registrations referenced in Exhibit B. Each of these trademark registrations is in full force and effect.

43.     Notwithstanding Plaintiffs' well-known, common-law and statutory rights, Defendants have—and continue to—knowingly use in commerce unauthorized reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks in conjunction with the sale, offering for sale, distribution, and/or

advertising of their goods and services, as shown more fully on Exhibits C-M and P-Q. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

44.     Defendants' unauthorized use of Plaintiffs' Trademarks constitutes trademark infringement in violation of 15 U.S. C. § 1114, in that such use is likely to cause confusion, deception, and mistake among the consuming public that Plaintiffs sponsor, approve, or are otherwise associated with Defendants' businesses and merchandise.

45.     Defendants' unlawful actions as described herein, are willful and intentional within the meaning of 15 U.S.C. §§ 1114, 1117. These acts have been, and continue to be, undertaken with the intention of trading upon the notoriety and invaluable goodwill established by Plaintiffs.

46.     Defendants' copyright infringement has injured Plaintiffs in a monetary amount to be determined at trial. Defendants' conduct has also caused, and will continue to cause, irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek the following remedies: a) injunctive relief pursuant to 15 U.S.C. § 1116; b) Defendants' profits or statutory damages pursuant to 15 U.S.C. § 1117; and c) Plaintiffs' reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendants' infringing conduct has been, and continues to be, willful and

intentional in nature, Plaintiffs, at their election, are entitled to an enhanced damages award in accordance with 15 U.S.C. § 1117(a).

## COUNT III – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

47.     Plaintiffs repeat each allegation set forth in Paragraphs 1-33 above, as if fully set forth herein.

48.     Plaintiffs' Trademarks have acquired secondary and distinctive meaning. The consuming public has come to identify Plaintiffs' Trademarks with Plaintiffs and their affiliated companies, and with the goods and services offered by Plaintiffs.

49.     Defendants' use of Plaintiffs' Trademarks without authorization, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a). Among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval, connection, association, and/or sponsorship of goods and services sold and offered for sale by SDG. Further, to confuse consumers into thinking that Plaintiffs are associated with SDG and Defendants' unauthorized products, Defendants have reproduced Plaintiffs' Trademarks in conjunction with SDG's marketing, advertising, promotional material, and online content.  Defendants have also identified the physical location

of Defendants' business as "Walt Disney World Resort Orlando, Florida 32830." See Exhibits D–M and P–Q.

50.      Defendants' unlawful actions as described herein, are willful and intentional within the meaning of 15 U.S.C. §§ 1114, 1117. These acts have been— and continue to be—intended to trade upon the notoriety and invaluable goodwill established by Plaintiffs.

51.      Defendants' trademark infringement has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek the following remedies: a) injunctive relief pursuant to 15 U.S.C. § 1116; b) Defendants' profits or statutory damages pursuant to 15 U.S.C. § 1117; and c) Plaintiffs' reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendants' infringing conduct has been, and continues to be, willful and intentional in nature, Plaintiffs, at their election, are entitled to an enhanced damages award in accordance with 15 U.S.C. § 1117(a).

## COUNT IV – VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

52.      Plaintiffs repeat each allegation set forth in Paragraphs 1-7 and 9-33 above, as if fully set forth herein.

53.     Defendants' unlawful actions as described herein, are in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

54.     Defendants have registered, trafficked in, and used the domain name: secretdisneygroup.com, which is confusingly similar to, and dilutive of the DISNEY word mark, with a bad-faith intent to profit from Plaintiff DEI's goodwill in Plaintiffs' Trademarks.

55.     Plaintiff DEI has sustained irreparable harm, and unless Defendants are enjoined from such unauthorized use, will continue to sustain irreparable harm as a result of Defendants' wrongful conduct in violation of 15 U.S.C. § 1125(d)(1)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against Defendants and for the following relief:

A.     Permanently enjoin and restrain Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation from:

1.     Manufacturing, advertising, marketing, promoting, offering for sale, selling, and/or distributing the products or good bearing Plaintiff or consisting of copies of Plaintiffs' Properties, or otherwise utilizing Plaintiffs' Properties in conjunction with the sale, offer for sale, and marketing of merchandise not authorized by Plaintiffs, as identified this Complaint;

2.      Using Plaintiffs' Copyrights or Plaintiffs' Trademarks in any unauthorized manner, including in conjunction with the manufacture, sale, offer for sale, marketing, and/or distribution of apparel, accessories, novelty items, or provision of retail services;

3.      Making any false statement or representation to suggest that Defendants are affiliated with, or sponsored by, Plaintiffs, including identifying Walt Disney World as the location of Defendants' business, and reproducing Plaintiffs' Properties in conjunction with SDG's marketing, advertising, promotional material, and online content;

4.      Engaging in any other activity constituting unfair competition with, or an infringement of, any of Plaintiffs' Properties, or dilution of Plaintiffs' name(s), reputation, or goodwill;

5.      Aiding, abetting, or otherwise contributing to the manufacturing, advertising, marketing, promoting, offering for sale, and/or selling of goods or services that make unauthorized use of Plaintiffs' Properties; and

6.      Effectuating assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (5) of Section A.

B.    Direct that Defendants immediately cease the advertising, marketing, promoting, offering for sale, and/or selling of goods or services, that any way involve Plaintiffs' Properties, and permanently remove any uses of the same on the following web-based platforms:

1.    Website(s) owned, or otherwise operated, by Defendants, including but not limited to the SDG Sites;

2.    Social media pages, groups, or accounts registered to, operated by, or otherwise associated with Defendants, including but not limited to the SDG Social Media; and

3.    Storefronts, marketplace shops, and/or seller accounts found on third-party sales websites including but not limited to the SDG Third Party Sites.

C.    Formally dissolve or rename The Secret Dis Group LLC as registered with the State of Florida.

D.    Direct that Defendants make no attempt to revive USPTO Application No. 90460395, or submit a new application for the Sparkling Dreamers Mark or a substantially similar infringing mark to the USPTO, or regional or international equivalent, and/or in any way attempt to register the Sparkling Dreamers Mark in the future.

E.    Direct that Defendants deliver to the undersigned counsel for destruction, any and all:

1.    Counterfeit or infringing merchandise in their possession or control, bearing any of Plaintiffs' Properties, or a simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

2.    Devices or software used in the manufacture or production of such merchandise; and

3.    Advertising or marketing materials used in conjunction with the sale or offer for sale of such merchandise.

F.    Direct that Defendants immediately cease use, and ownership, of secretdisneygroup.com and sparklingdreamers.com (hereinafter, the "Former SDG Sites") in accordance with the terms as follows:

1.    Disable, or maintain any already disabled public access to the Former SDG Sites;

2.    Initiate transfer of the domain name registrations for the Former SDG Sites with the current registrar, identifying Plaintiff DEI as the transfer recipient/domain registrant;

3.    Execute all documentation required by GoDaddy.com, associate registrar(s), and/or privacy service provider(s) necessary to effectuate such transfer; and

4.    Should the current registrar delegate complete control of the disposition and use of the Former SDG Site domain name to this Court, said registration is ordered to be transferred to Plaintiff DEI,

and Plaintiff DEI is ordered to notify the relevant registrar(s) of this Court's Order governing the Former SDG Site domain name registration.

G.      Direct that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with paragraphs A through F above.

H.      Direct such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that Plaintiffs have authorized, or are related in any way to Defendants' businesses or unauthorized merchandise.

I.      Award to Plaintiffs, Defendants' profits, after an accounting, or at Plaintiffs' sole election, statutory damages, including willful statutory damages, pursuant to 17 U.S.C. § 504(c).

J.      Award to Plaintiffs three times Defendants' profits, after an accounting, or at Plaintiffs' election statutory damages, including willful statutory damages, pursuant to 15 U.S.C. § 1117 (a) and (c).

K.      Award to Plaintiffs three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. §§ 1125(a), 1117(a).

L.      Award to the Plaintiffs statutory damages as provided for by 15 U.S.C. § 1117(d)(1).

M.   Award to Plaintiffs their costs and reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. §§ 1117(a), 1117(b), and 17 U.S.C. § 505.

N.   Direct that the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further Order(s), interpretation, or execution of any Order entered in this action, the modification of any such Order, the enforcement or compliance therewith, and the punishment of any violations thereof.

O.   Award other such relief to Plaintiffs as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 29th day of December 2022.

Michael W. O. Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
Holihan Law
1101 N. Lake Destiny Rd., Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Attorneys for Plaintiffs