UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 22-CV-02417-RBD-LHP

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC, and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

    Plaintiffs,

v.

THE SECRET DIS GROUP, LLC
a/k/a THE SECRET DISNEY
GROUP a/k/a SPARKLING
DREAMERS a/k/a SPARKLING
MEMBERS, POPSELLA INC. a/k/a
POPSELLA MARKETPLACE,
CHRISTOPHER B. MARTIN, and
HANNAH MARTIN a/k/a
HANNAH FERREIRA a/k/a
HANNAH VIEIRA,

    Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, THE SECRET DIS GROUP, LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, by and through undersigned counsel, hereby file this answer and affirmative defenses to the Complaint for Copyright Infringement, Trademark Infringement, Unfair Competition and Cybersquatting filed by Plaintiffs, DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, and LUCASFILM ENTERTAINMENT COMPANY LTD. LLC, as follows:

## **ANSWER**

1. Denied.

2. Denied.

3. Admit.

4. Admit.

5. Unknown.

6. Unknown.

7. Admit.

8. Unknown at this time as discovery has yet to be conducted.

9. Unknown at this time.

10. Unknown at this time.

11. Admit solely as to the defined referenced.

12. Denied as to the names of the Defendants; admitted otherwise.

13. Admit.

14. Denied.

15. Denied.

16. Admit.

17. Denied in that not all Defendants operate the online retail store.

18. Denied.

19. Denied.

20. Denied.

21. Denied. Subpart: (a) Denied; (b) Denied; (c) Denied; (d) Denied.

22. Denied.

23. Admit.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Repeat.

35. Unknown at this time.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Repeat.

42. Unknown.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Repeat.

48. Unknown at this time.

49. Denied.

50. Denied.

51. Denied.

52. Repeat.

53. Denied.

54. Denied.

55. Denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

Fail to state a claim: Plaintiff fails to state a claim upon which relief can be granted in that the goods sold by Defendants did not create a likelihood of confusion as to source, affiliation or a connection to Plaintiff's copyrights or trademarks.

### AFFIRMATIVE DEFENSE NO. 2

Fair Use: Defendant only used a limited portion of Plaintiff's copyright therefore they were permissible u.nder the *fair use* doctrine of the U.S. copyright statute.

### AFFIRMATIVE DEFENSE NO. 3

Parody/Satire: The doctrine of fair use allows Defendants to use a copyrighted work as a way to introduce commentary or criticism to the public through parody or satire.

**AFFIRMATIVE DEFENSE NO. 4**

Transformative: Defendants use of Plaintiffs copyrights is fair use as they are new transformative works based on old works as it uses the source work in completely new or unexpected ways,

**AFFIRMATIVE DFENSE NO. 5**

Any loss, damage or injury suffered by Plaintiffs was due to the actions, inactions, or omissions of Plaintiffs.

**AFFIRMATIVE DEFENSE NO. 6**

Laches: Plaintiffs' claims are barred or limited, in whole or in part, by the doctrines of estoppel and/or laches.

**AFFIRMATIVE DEFENSE NO. 7**

Plaintiffs' loss, damage or injury, if any, was caused by the actions, inactions or omissions of non-parties.

**AFFIRMATIVE DEFENSE NO. 8**

To the extent that any of Defendants uses of Plaintiff's copyrights or trademarks are deemed to be infringement, no use was done intentionally, willfully, or maliciously, as all actions of Defendants were being done without knowledge that it constituted infringement and was not allowed under the fair use doctrine.

Defendants reserve the right to supplement or amend their affirmative defenses, and to assert additional affirmative defenses, as the nature and scope of Plaintiffs' claims are developed further through discovery.

WHEREFORE, Defendants, Defendants, THE SECRET DIS GROUP, LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, having fully answered, respectfully requests that this Court dismiss the Complaint with prejudice and enter judgment against Plaintiffs on all claims, and award Defendants their attorneys' fees, costs, and any other relief that this Court deems just and proper.

Dated this 27th day of January 2023         Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants The Secret Dis Group, LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members, Popsella Inc. a/k/a Popsella Marketplace, Christopher B. Martin, And Hannah Martin a/k/a Hannah Ferreira a/k/a Hannah Vieira*

175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:  305-384-7371


By: ___*s/Richard C. Wolfe*_____
      RICHARD C. WOLFE
      Florida Bar No.:  355607
      rwolfe@wolfelawmiami.com


**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner

specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By:   __/s/Richard C. Wolfe__