UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC, and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

Case No.: 6:22-cv-02417-RBD-LHP

        *Plaintiffs,*

    -against-

THE SECRET DIS GROUP LLC a/k/a
THE SECRET DISNEY GROUP a/k/a
SPARKLING DREAMERS a/k/a
SPARKLING MEMBERS, POPSELLA INC.
a/k/a POPSELLA MARKETPLACE,
CHRISTOPHER B. MARTIN, and
HANNAH MARTIN a/k/a HANNAH
FERREIRA a/k/a HANNAH VIEIRA,

        *Defendants.*

**PLAINTIFFS' SHORT-FORM MOTION TO COMPEL A MEET AND CONFER**

Plaintiffs, Disney Enterprises, Inc., Lucasfilm Ltd., and Lucasfilm Entertainment Company Ltd. LLC., seek to compel Defendants, The Secret Dis Group LLC, Popsella Inc., Christopher Martin, and Hannah Martin to meet and confer regarding the following outstanding discovery matters, as Defendants have refused to respond to Plaintiffs' attempts to confer since January 9, 2024:

1.    *Defendants' Responses to Plaintiffs' First Requests for Production of Documents and Things* – All four Defendants have yet to provide their respective

responses (the "Responses") to Plaintiffs' Requests for Production (attached as Exs. A-1 – A-4), which were served on Oct. 27, 2023. Plaintiffs agreed to a one-time extension for the Responses, resulting in a new deadline of Dec. 22, 2023. The day of said deadline, Defendants requested "a very short additional extension" until Dec. 26, 2023, as the Responses were "not 100% completed." Despite Plaintiffs' repeated written and verbal requests, Defendants have yet to produce the Responses.

2.    _Defendants' Answers to Plaintiffs' First Interrogatories_ – All four Defendants have yet to provide their respective answers (the "Interrogatory Answers") to Plaintiffs' Interrogatories (attached as Exs. B-1 – B-4), which were served on Oct. 27, 2023. Plaintiffs agreed to a one-time extension for the Interrogatory Answers, resulting in a new deadline of Dec. 22, 2023. The day of said deadline, Defendants requested "a very short additional extension" until Dec. 26, 2023, as Defendants "needed an extra day to have their interrogatories notarized." Despite Plaintiffs' repeated written and verbal requests, Defendants have yet to produce the Interrogatory Answers.

3.    _Depositions of Defendants_ – On Dec. 14, 2023, depositions of three of the four Defendants were tentatively scheduled for Jan. 18-19, 2024, as the depositions were conditioned on Plaintiffs receiving Defendants' Responses, Interrogatory Answers, and document production by Dec. 22, 2023. On Jan. 12, 2024, having still not received Defendants' Responses or Interrogatory Answers, Plaintiffs

2

requested to reschedule Defendants' depositions immediately in order to meet the fast-approaching discovery deadline. Despite Plaintiffs' repeated written and verbal requests since then, Defendants have yet to contact Plaintiffs concerning rescheduling Defendants' depositions.

4.    _Mediation_ – Almost a full year ago, the parties agreed to a mediation date of Feb. 8, 2024. On Jan. 12, 2024, having still not received Defendants' Responses or Interrogatory Answers, or any responsive communication regarding rescheduling Defendants' depositions, Plaintiffs provided Defendants with written notice canceling mediation. The referenced notice explained that mediation would be unproductive and a waste of resources until Defendants choose to comply with their discovery obligations. Despite Plaintiffs' repeated written and verbal requests since then, as well as an impending mediation deadline (Mar. 18, 2024), Defendants have yet to contact Plaintiffs concerning rescheduling mediation.

Plaintiffs ask that the Court intervene and compel Defendants to adhere to the basic principles of discovery concerning the above outstanding matters, and require a substantive, immediate meet and confer between counsel, so that the parties may stay on course with the scheduled discovery deadline of Mar. 4, 2024.

<u>LOCAL RULE 3.01(g) CERTIFICATION</u>[1]

Plaintiffs' undersigned counsel certifies as follows:

A.   Between Nov. 27, 2023 and Jan. 19, 2024, in an effort to confer "in person or via telephone,"[2] regarding the outstanding discovery issues identified in the instant Motion, Plaintiffs' counsel made approximately eight attempts via telephone and nineteen attempts via email[3] to contact defense counsel.

B.   Plaintiffs' counsel conferred with Mason Wolfe – an associate attorney for Defendants' counsel of record (Richard Wolfe) – via telephone on one occasion,[4] during which defense counsel confirmed his possession of Defendants' discovery responses and momentary transmittal to Plaintiffs' counsel; Plaintiffs have not received Defendants' discovery responses.

C.   Plaintiffs' counsel conferred with Mason Wolfe via email regarding Defendants' overdue discovery responses on approximately five occasions;[5] Plaintiffs have not received Defendants' discovery responses as Defendants have been completely unresponsive and unavailable since Jan. 9, 2024.

---

[1] Supplemented by M.D. Local Rule 3.01(g)(3) and Middle District Discovery Handbook (2021) at Section I(A)(2) regarding opposing party unavailability. *See also* Case Mgmt. and Scheduling Order ("CMSO"), Part III(B) (Dkt. No. 17).

[2] CMSO, Part III(B)(1); Mag. Order on Discovery Motions (Dkt. No. 19 ¶ 1).

[3] Plaintiffs acknowledge that the "duty to confer is not satisfied by emails or other written correspondence," which is precisely why Plaintiffs are asking the Court to compel a meet and confer, thus ordering responsive communication from defense counsel. *See* CMSO, Part III(B)(1), (4).

[4] Jan. 8, 2024.

[5] Dec. 1, 2023; Dec. 6, 2023; Dec. 22, 2023; Jan. 3, 2024.

D.      Plaintiffs issued a meet and confer letter to Defendants on Jan. 8, 2024, and a second letter on Jan. 12, 2024, both citing the various outstanding discovery issues and requesting a Good Faith Conference[6] to satisfy the parties' duty to confer; both meet and confer letters were ignored.

E.      Plaintiffs have been unable to obtain Defendants' compliance with the outstanding discovery matters, as such, the parties have been unable to agree on a resolution regarding the same.


Dated: January 25, 2024                    Respectfully submitted,


                                           /s/ Kimberly A. Harchuck
                                           Kimberly A. Harchuck, Esq.
                                           Florida Bar No.: 0064852
                                           Michael W. O. Holihan, Esq.
                                           Florida Bar No.: 0782165
                                           Holihan Law
                                           1101 North Lake Destiny Rd., Ste 275
                                           Maitland, Florida 32751
                                           Telephone: (407) 660-8575
                                           michael.holihan@holihanlaw.com
                                           kimberly.harchuck@holihanlaw.com
                                           Counsel for Plaintiffs

---

[6] Plaintiffs also made several attempts to contact Defendants' counsel via telephone and email, specifically citing the continued need for a "Good Faith Conference" and requesting a "prompt response" in accordance with the CMSO (*see* Part III(B)(5)); all such attempts went ignored.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2024, a true and correct copy of the foregoing has been filed with the Clerk of the Court via the CM/ECF system which will furnish a copy to counsel of record.

<div style="margin-left:50%">

/s/ Kimberly A. Harchuck

Kimberly A. Harchuck, Esq.
Florida Bar No.: 0064852
Michael W. O. Holihan, Esq.
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Rd., Ste 275
Maitland, Florida 32751
Telephone: (407) 660-8575
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiffs

</div>