**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

        Plaintiffs,

v.                                             Case No:   6:22-cv-2417-RBD-LHP

THE SECRET DIS GROUP LLC,
POPSELLA INC., CHRISTOPHER B.
MARTIN and HANNAH MARTIN,

        Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' SHORT-FORM MOTION TO COMPEL A MEET AND CONFER (Doc. No. 30)**
>
> **FILED:** **January 25, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiffs move to compel Defendants to conduct a meet and confer regarding several outstanding discovery matters, to include Defendants' failure to provide

responses to Plaintiffs' Requests for Production, failure to answer Plaintiffs' Interrogatories, failure to coordinate Defendants' depositions, and failure to confer regarding rescheduling mediation. Doc. No. 30. Defendants were ordered to respond to the motion by 5:00 p.m. on January 29, 2024, Doc. No. 31, but they did not. Accordingly, the Court treats the motion as unopposed in all respects. *See* Doc. No. 19 ¶ 5 (providing that failure to timely respond to a discovery motion *will* result in a discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, the Court finds the motion well taken and it will be granted *in toto*. However, going forward, the parties are advised that if an opposing party fails to confer on discovery as required, the proper course is to file a motion to compel regarding the substantive discovery dispute and to note the failure to confer in the Local Rule 3.01(g) certification and Local Rule 3.01(g)(3)

supplementation. The moving party need not move to compel the meet and confer as a prerequisite to filing the substantive motion.

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Short-Form Motion to Compel a Meet and Confer (Doc. No. 30) is **GRANTED**.

2. **Lead counsel** for the parties are **ORDERED** to conduct a substantive meet and confer on the issues outlined in Plaintiffs' motion (Doc. No. 30) on or before **5:00 p.m. on February 1, 2024**. The meet and confer must take place **in person or via videoconference**, and other mediums (*i.e.*, phone, email) will not be permitted.

3. On or before **February 2, 2024 at 12:00 p.m.**, counsel for Plaintiffs shall file a status report regarding the outcome of the meet and confer, which shall identify, among other things, the date, time, and method of the meeting.

4. In addition, if the meet and confer does not occur as directed by this Order, Plaintiffs shall file a motion to compel regarding the substantive discovery requests, in compliance with the Standing Order on Discovery Motions (Doc. No. 19), on or before **February 6, 2024**.

5. **Failure to comply with this Order will result in sanctions.** *See* **Fed. R. Civ. P. 37(b)(2).**

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties