UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, and LUCASFILM ENTERTAINMENT COMPANY LTD. LLC,<br><br>*Plaintiffs,*<br><br>-against-<br><br>THE SECRET DIS GROUP LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA,<br><br>*Defendants.* | Case No.: 6:22-cv-02417-RBD-LHP |

**PLAINTIFFS' STATUS REPORT IN RESPONSE TO ORDER GRANTING MOTION TO COMPEL A MEET AND CONFER**

In accordance with the Court's Order Granting Plaintiffs' Short-Form Motion to Compel a Meet and Confer (the "Order") (Dkt. No. 32), Plaintiffs, Disney Enterprises, Inc., Lucasfilm Ltd., and Lucasfilm Entertainment Company Ltd. LLC., provide the following status updates ("Status Report") regarding the outcome of the meet and confer with Defendants, The Secret Dis Group LLC, Popsella Inc., Christopher Martin, and Hannah Martin.

The Order plainly requires "[l]ead counsel for the parties … to conduct a substantive meet and confer on the issues outlined in Plaintiffs' motion" (the "Motion") (Dkt. No. 30). Notwithstanding this Order, the meet and confer was not conducted by Richard Wolfe (Defendants' lead counsel), but instead by his associate, Mason Wolfe.  Mason Wolfe is not, and cannot act as, Defendants' lead counsel as he has failed to appear in this matter, and not admitted to practice in the Middle District of Florida. *See* M.D. Local Rule 2.01(a).

As noted in detail in the Motion, Plaintiffs' counsel has diligently attempted to move this matter through the discovery process, and otherwise comply with the Court's Case Mgmt. and Scheduling Order ("CMSO") (Dkt. No. 17).  In this regard, Plaintiffs' counsel has been forced to only communicate with Mason Wolfe as the contact attorney designated by Defendants' lead counsel, when attempting to arrange depositions, secure appropriate discovery responses, schedule mediation, and the host of other obligations necessary to advance this litigation. Plaintiffs believe that the lack of involvement by Defendants' lead counsel, as well as his failure to be accountable for this matter is materially affecting the parties' ability to comply with the CMSO and relevant Local Rules, as more fully shown below.

A. <u>CIRCUMSTANCES OF MEET AND CONFER</u>

1. The meet and confer occurred via Zoom video conference from approximately 10:00 a.m. to 11:00 a.m. on Jan. 31, 2024.

2.  The video conference was initially attended by Kimberly Harchuck (Plaintiffs' lead counsel) and Mason Wolfe (Defendants' counsel) ("MW"). Within a few minutes – prior to discussing any matters of substance – Defendants' lead counsel, Richard Wolfe ("RW"), joined the conference on his mobile device.

3.  Upon joining the conference, RW conveyed the following:

    a.  He was not sure why Plaintiffs' counsel "insisted on [him] being here."

    b.  "This is Mason's case."

    c.  He'd be on the call, but he wasn't sure what else he could do besides "tell Mason what a great job he's doing."

    d.  He had another video call "with a federal judge" to attend.

4.  At that point, RW turned to his computer monitor and began speaking with someone; he was visibly on a separate video conference.

    a.  RW did not speak to Plaintiffs' counsel for the remainder of the meet and confer.

    b.  RW then muted himself on the subject meet and confer video call for the duration of his attendance until 10:36 a.m.,[1] when he answered a call on his mobile device and exited the conference

---

[1] *See* Ex. A (Zoom interface screenshot at 10:36 a.m. showing all three attorneys logged on to video conference).

3

at 10:38 a.m.,[2] leaving the remaining counsel to complete the meet and confer until 11:01 a.m.[3]

5. Admittedly wanting to take advantage of the much overdue meet and confer, while also maintaining compliance with the spirit and letter of the Order, Plaintiffs counsel proceeded with the conference, but later explained Plaintiffs' position to MW as follows:

 a. RW as lead counsel was to confirm the resolution status of the discussed issues, which he did not do during the meet and confer, as he did not speak during the conference after his initial commentary (noted in Section 3 above) and was no longer logged in on the conference during the recap.

 b. Plaintiffs would email an itemized summary of the meet and confer to RW and MW, noting the issues discussed and their respective resolution status (the "Summary").

 c. RW, as Defendants' lead counsel, could then respond to the Summary confirming in writing his agreement with the same.

6. Pursuant to the referenced agreement with MW, Plaintiffs' counsel emailed the Summary to Defendants' counsel. *See* Ex. D. In the interest of

---

[2] *See* Ex. B (Zoom interface screenshot at 10:38 a.m. showing only Plaintiffs' counsel and MW logged on to video conference).
[3] *See* Ex. C (Zoom interface screenshot at 10:56 a.m. showing only Plaintiffs' counsel and MW signed on to video conference).

4

full transparency, Plaintiffs' counsel expressly stated her intent to include the Summary in the instant Status Report, and also noted the need for RW's written confirmation of the Summary as he did not verbally confer with Plaintiffs' counsel on any of the substantive issues.[4]

7. Not surprisingly, RW and MW disagree with Plaintiffs' counsel's assessment of RW's non-participatory meet and confer attendance. *See* Exs. E and F. Further, Defendants' counsel disputes RW's over-twenty-minute early departure from the conference, despite the timestamped screenshots referenced in Section 4 showing otherwise. Notably, and on-brand with the sentiment of this Status Report, only MW replied in writing confirming the accuracy of the Summary substance; RW did not attest to the accuracy of any discussed topic or its resolution status.

B.  CONFERRED DISCOVERY MATTERS AND STATUS[5]

1.  *Answers to Plaintiffs' Interrogatories*

    a.  MW, on behalf of Defendants, represented that the Answers to Plaintiffs' Interrogatories for each of the four named Defendants

---

[4] "*As Mason and I discussed this morning, Plaintiffs ask that Richard respond to this email, confirming the above in writing, as he did not participate in the conference and was not in attendance on the video call when counsel was recapping the status and/or resolution of the various discovery matters.*"

[5] Along with the outstanding discovery issues set forth in the Order, the parties also discussed the following matters during the meet and confer: a) deficiencies in Defendants' document production; b) deposition of Plaintiffs' corporate representative [Plaintiffs' counsel has since contacted Plaintiffs' corporate representative to schedule this deposition]; and c) settlement.

would be provided to Plaintiffs' counsel no later than 5:00 p.m. Feb. 1, 2024.

b.   At 4:17 p.m. on Feb. 1, 2024, Plaintiffs received an email from MW titled "*Answers to all Roggs Disney v. SDG*" with the corresponding documents attached ("Interrogatory Answers").

c.   Plaintiffs note that the Interrogatory Answers do not include required Certificates of Service, nor are they signed by RW.[6]

d.   At the time of this Status Report, the above issue is UNRESOLVED.

2.   *Responses to Plaintiffs' Requests for Production of Documents*

a.   MW, on behalf of Defendants, represented that Responses to Plaintiffs' Requests for Production for each of the four named Defendants would be provided to Plaintiffs' counsel no later than 5:00 p.m. Feb. 1, 2024.

b.   At 4:59 p.m. on Feb. 1, 2024, Plaintiffs received an email from MW titled "*Chris Martin Response to RFP*" with an attached document titled "*Req for Prod_CMartin [102623]*."

---

[6] The Interrogatory Answers are not compliant with the Fed'l. Rules of Civil Procedure. See FRCP 5(d)(1) requiring Cert. of Service for such papers, and FRCP 33(b)(5) requiring the signature of the attorney objecting to any such interrogatories.

  c. At 12:39 a.m. on Feb. 2, 2024, Plaintiffs received an email from MW titled "*Chris Martin Response to RFP*" with two attached documents titled "*Req for Prod_The Secret Dis Group LLC [102623]*" and "*Req for Prod_Chris Martin and Hannah Martin.*"

  d. At 1:30 a.m. on Feb. 2, 2024, Plaintiffs received an email from MW titled "*Chris Martin Response to RFP*" with an attached document titled "*Req for Prod_Popsella Inc [102623]*"

  e. Plaintiffs note that the Responses for the individual Defendants referenced in Subsections 2(b) and 2(c) above may be wholly incorrect, duplicates, and/or merely mistitled. Given the post-deadline transmittal of said Responses, Plaintiffs have not had the opportunity to determine if the error is substantive or superficial prior to filing the Status Report.

  f. At the time of this Status Report, the above issue is UNRESOLVED.

3. *Depositions of Defendants*

  a. To maintain the current discovery deadline of Mar. 4, 2024, Plaintiffs renewed their request for the following:

   i. In-person depositions of the four named Defendants (all of which reside locally in Metro-Orlando).

   ii. Taking place the last two weeks of February.

      iii.    Requiring a total of three days (or four if Def. Hannah Martin requests an interpreter).

b.    MW stated that Defendants Christopher Martin and Hannah Martin will be vacationing in Asia Feb. 12 – Mar. 5, 2024, and therefore unavailable for depositions.

c.    MW proposed holding said depositions Mar. 11-13, 2024; Plaintiffs declined as the proposed dates occur after the discovery deadline of Mar. 4, 2024.

d.    Ultimately, MW offered to tentatively schedule remote depositions Feb. 26-29, 2024, for three hours a day, between 9:00 a.m. – 12:00 p.m. EST. Given the substantial decrease of allotted deposition time for each deponent, Plaintiffs rejected this proposal as unreasonable.

e.    MW stated the potential of filing a Motion to Extend Discovery; Plaintiffs declined to join the motion.

f.    Plaintiffs stated the potential of filing a Motion to Compel Defendants' depositions prior to the Mar. 4, 2024, discovery deadline.

g.    At the time of this Status Report, the above issue is UNRESOLVED.

4.    *Mediation*

    a.    To complete mediation by the initial deadline of Mar. 18, 2024, the parties agreed to a rescheduled mediation date of Mar. 14, 2024, conditioned upon the following:

        i.    Receipt of Interrogatory Answers by 5:00 p.m. Feb. 1, 2024.

        ii.    Receipt of Defendants' Responses to Plaintiffs' Requests for Production by 5:00 p.m. Feb. 1, 2024.

        iii.    Plaintiffs successfully scheduling and deposing each of the Defendants prior to Mar. 14, 2024.

    b.    At the time of this Status Report, the above issue is TENTATIVELY RESOLVED.

Plaintiffs contend that the meet and confer did "not occur as directed by [the] Order," nor have the substantive issues noted in the Motion been fully resolved. Based on forgoing and in accordance with the Order, Plaintiffs intend to file a Motion to Compel on the substantive unresolved issues noted above.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiffs' undersigned counsel certifies that she conferred with Mason Wolfe – an attorney working for Defendants' lead counsel, Richard Wolfe – by video conference from approximately 10:00 a.m. to 11:00 a.m. on Jan. 31, 2024. Plaintiffs' counsel further certifies the accuracy of the above assertions regarding

9

the meet and confer, as well as the attached exhibits referred to in this Status Report being true and correct.

Dated: February 2, 2024                                Respectfully submitted,

/s/ Kimberly A. Harchuck
Kimberly A. Harchuck, Esq.
Florida Bar No.: 0064852
Michael W. O. Holihan, Esq.
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Rd., Ste 275
Maitland, Florida 32751
Telephone: (407) 660-8575
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiffs

10

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 2, 2024, a true and correct copy of the foregoing has been filed with the Clerk of the Court via the CM/ECF system which will furnish a copy to counsel of record.

<u>/s/ Kimberly A. Harchuck</u>
Kimberly A. Harchuck, Esq.
Florida Bar No.: 0064852
Michael W. O. Holihan, Esq.
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Rd., Ste 275
Maitland, Florida 32751
Telephone: (407) 660-8575
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiffs
