# EXHIBIT F

Thursday, February 1, 2024 at 15:22:46 Eastern Standard Time

| | |
|---|---|
| **Subject:** | Re: Disney v. Secret Dis Group, et al - Meet & Confer Video Call [01.31.24] |
| **Date:** | Wednesday, January 31, 2024 at 2:58:04 PM Eastern Standard Time |
| **From:** | Mason Richard Wolfe |
| **To:** | Richard Wolfe |
| **CC:** | Kimberly Harchuck, Michael Holihan, Nevaeha' M. Blucher, Daniela Alarcon, Cindy Thompson |
| **Attachments:** | unknown.png, unknown.png |

Kimberly,

The entire first paragraph is unnecessary and inaccurate. I was briefed ahead of time at length by Richard and he advised you of this. He remained on Zoom as I summarized our positions. It wasn't until 45 minutes later that he left. I don't think it is necessary at all to include this with the Court. All of the remaining portions of the email are accurate and you may include those int he report.

**Mason Wolfe**
Attorney



Attorneys at Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
mrwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 786.208.9432

> On Jan 31, 2024, at 2:08 PM, Richard Wolfe <rwolfe@wolfelawmiami.com> wrote:
>
> Your email is highly offensive. I listened and when any thing was asked of me I responded. I remained on the zoom call for 40 minutes when I could no longer see you. I was clear throughout that Mason spoke for both of us.   If you insist on sending this to the court I will respond.

**Richard Wolfe**
Board Certified Attorney
Business Litigation
<image002.png>
<image003.png>
Attorneys at Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
rwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 305.401.3639

---

**From:** Kimberly Harchuck <kimberly.harchuck@holihanlaw.com>
**Sent:** Wednesday, January 31, 2024 1:57 PM
**To:** Mason Richard Wolfe <mrwolfe@wolfelawmiami.com>; Richard Wolfe <rwolfe@wolfelawmiami.com>
**Cc:** Michael Holihan <michael.holihan@holihanlaw.com>; Nevaeha' M. Blucher <frontdesk@holihanlaw.com>; Daniela Alarcon <daniela.alarcon@holihanlaw.com>; Cindy Thompson <cindy.thompson@holihanlaw.com>
**Subject:** Disney v. Secret Dis Group, et al - Meet & Confer Video Call [01.31.24]

Good Afternoon Mason & Richard,

In an effort to comply with the Court's most recent Order [ECF 32] requiring "[L]ead counsel for the parties … to conduct a substantive meet and confer" on the pending discovery issues, this email is a summary of today's meet and confer, with the below information intended for inclusion in Plaintiffs' status report.

Circumstances of Meet and Confer – The mandated meet and confer occurred via Zoom video conference from approximately 10:00am to 11:00am on Wed., Jan. 31, 2024.  The video conference was initially attended by Kimberly Harchuck (as Plaintiffs' lead counsel) and Mason Wolfe (as Defendants' counsel).  Within a few minutes, Defendants' lead counsel, Richard Wolfe, joined the call.  Richard explained that he had another video call to attend, and muted himself as well as the instant video conference for the duration of his attendance until 10:38am, when he exited the conference, leaving the remaining counsel to complete the meet and confer.  The outcome of the meet and confer is set forth below.

Discovery Matters Addressed – All matters noted in the Order were discussed, as well as the following:

1. Defendants' Document Production – Plaintiffs identified the presence of substantial deficiencies in Defendants' document production.  Non-exhaustive list of examples: no financial documents for the business or individuals (i.e.: tax documents, bank statements, paystubs from businesses, social media

   payouts); comprehensive sales records; any documentation whatsoever concerning Popsella; merchandise list; etc. Defendants requested an itemized list of such deficiencies; Plaintiffs agreed to provide the same.

2. <u>Deposition of Plaintiff</u> – Defendants' request to depose a corporate representative of Disney Enterprises, Inc. on Feb. 20, 27, or 28.  Plaintiffs' counsel agreed to contact Plaintiffs' corporate representative regarding the requested dates of deposition.

3. <u>Settlement</u> – Both parties expressed their willingness to settle this matter.  Defendants stated their intent to provide Plaintiffs'' counsel with proposed terms of settlement.

<u>Resolution of Discovery Matters</u>

1. <u>Defendants' Responses to Plaintiffs' First Requests for Production of Documents and Things – TENTATIVELY RESOLVED</u>: Defendants represented that the Responses for the Requests for Production for each of the four named Defendants will be provided to Plaintiffs' counsel no later than 5:00pm tomorrow, Thurs., Feb. 1, 2024.

2. <u>Defendants' Answers to Plaintiffs' First Interrogatories – TENTATIVELY RESOLVED</u>: Defendants represented that the Answers to the Interrogatories for each of the four named Defendants will be provided to Plaintiffs' counsel no later than 5:00pm tomorrow, Thurs., Feb. 1, 2024.

3. <u>Depositions of the Defendants – UNRESOLVED</u>: In an effort to maintain the current discovery deadline of March 4, 2024, Plaintiffs previously requested in-person depositions of the four named Defendants (all of which reside locally in Metro-Orlando) the last two weeks of February; requiring a total of three days (or four if Def. Hannah Martin requests an interpreter) to conduct such depositions.  Plaintiffs renewed this request.  Defendants stated they will be on vacation in Asia, and therefore unavailable Feb.12 – March 5, 2024. Defendants proposed holding such depositions on March 11-13, 2024; Plaintiffs declined as the proposed dates occur after the discovery deadline of March 4, 2024.  At this time, Defendants have offered to tentatively schedule remote depositions from 9:00am to 12:00pm Feb. 26-29, 2024; Plaintiffs rejected this proposal as unreasonable.  Defendants stated their intent to possibly file a Motion to Extend the Discovery Deadline; Plaintiffs declined to join the motion. Plaintiffs stated their intent to possibly file a Motion requesting the Court to compel Defendants' depositions prior to the discovery deadline of March 4, 2024.

4. <u>Mediation – TENTATIVELY RESOLVED</u>: In order to conduct mediation by the previously agreed deadline of March 18, 2024, the parties agreed to a rescheduled mediation date of