UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 22-CV-02417-RBD-LHP

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC, and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

      Plaintiffs,

v.

THE SECRET DIS GROUP, LLC
a/k/a THE SECRET DISNEY
GROUP a/k/a SPARKLING
DREAMERS a/k/a SPARKLING
MEMBERS, POPSELLA INC. a/k/a
POPSELLA MARKETPLACE,
CHRISTOPHER B. MARTIN, and
HANNAH MARTIN a/k/a
HANNAH FERREIRA a/k/a
HANNAH VIEIRA,

      Defendants.

_____/

**RICHARD C. WOLFE, ESQ.'S RESPONSE AND DECLARATION TO COURT REGARDING THE UNDERSIGNED COUNSEL'S PARTICIPATION IN A MEET AND CONFER CONFERENCE ON JANUARY 31, 2024**

1.    Undersigned is primary counsel in the case, working with associate, Mason Wolfe, who has worked with the undersigned since he was in college (part time) and full time upon graduation from law school.

2.    As opposing counsel acknowledges, he participated in the zoom call that started at about 10:03 until 10:38 when he took another call (from opposing counsel) as related to a court ordered status conference, to take place with another magistrate judge. Once that short call with completed, the undersigned logged back onto the

zoom, when it was clear to him that the meet and confer conference had concluded and that counsel had moved on to settlement discussions.

3.      From about 10:03 until 10:38, undersigned fully participated in the meet and confer, although he did intermittently mute himself because he was suffering from an advanced flu and did not want to interrupt the meet and confer with his excessive sneezing, coughing, sniffling, etc.

4.      At no time did he or Mason Wolfe agree to be recorded or photographed.

5.      At no time did opposing counsel state that she needed undersigned counsel to be more active than he was, and he indicated that he agreed with everything stated by his associate, Mason Wolfe.

6.      At one point in the meet and confer, opposing counsel requested additional dates for mediation and additional dates to her unilaterally cancelled depositions of my Clients. As requested, both undersigned counsel and Mason Wolfe called our clients to obtain and coordinate those dates as well.

7.      All substantive issues (with the exception of Defendants' deposition dates) were resolved at the meet and confer.

8.      Attached hereto as Exhibit A is the undersigned's email to opposing counsel stating how her tactics (to object to the undersigned's participation) was offensive and that he disagreed with her version of the facts. Further, her LR3.01(G) is demonstrably false as set forth herein.

**Plaintiff's Excessive Discovery Designed Solely to Unduly Burden Defendant and their Counsel**

9.      This matter began in approximately November 2021. At this time Plaintiff contacted Defendants and began making demands primarily for Defendants' to stop selling merchandise that Plaintiff claimed was infringing on their trademarks, to

stop using the term "Disney" or "Dis" in Facebook pages which they administered, to abandoned their properly applied for Trademarks, and to delete all photographs posted on these pages and accounts on many social media pages or online marketplaces. The physical merchandise were related exclusively to the sale of the masks identified in the Complaint. Despite Defendant deeming all of these actions fair use, Defendant immediately complied with these demands, stopped selling them, and delivered or deleted thousands of items, posts, or photos.

10. Then, Plaintiff sought that Defendant stop selling other items (mouse ears) which Plaintiff did not have a patent, copyright, or trademark in, and which are not included in the items listed in the Complaint. This is what this lawsuit is really about.

11. On October 27, 2023, opposing counsel filed her first sets of discovery to Defendants.

12. From the start of this case until November 7, 2023, the undersigned never received any emails from Opposing counsel requesting deposition dates or received any requests for documents or interrogatory requests aside from the ones filed one week prior.

13. In total Plaintiff's Requests for Production totaled 231 individual requests. Many of which contained subcategories described in the definitions sections such as "Search Terms" that contained over 100 additional search items within each use of this term, across 39 different social media websites, pages and platforms. In total Plaintiff's first set of interrogatories to all Defendants totaled 82 requests, which

contained the same additional search terms across the same amount of social media platforms.

14.  It took hundreds of hours of searching to be able to comply with these requests.

15.  Defendant is aware that Plaintiff now has all of the information they requested from Defendant with the exception of financial information related to same, which was objected to by Defendant. Most importantly, Plaintiff has had most, if not all of this information since before the lawsuit began.

16.  Defendant attempted to search for the documents requested by Plaintiff. However, a substantial amount of the documents requested were unattainable and unproduceable because Defendant they were deleted at Plaintiff's demand. This process alone took a considerable amount of time.

17.  Despite having all of the information already, Plaintiff unilaterally cancelled the properly scheduled Depositions of all four of the Defendants which were all set to take place in January. Opposing counsel stated that they were "required" to do this because they did not receive the discovery responses yet. This is false.

18.  At the meet and confer on January 31, 2024, Defendant's counsel advised Plaintiff's counsel that Defendant's representatives, Chris Martin and Hannah Martin had scheduled and prepaid for a cruise in Asia from February 12-March 5. They specifically planned their vacation around the dates that we had agreed upon for their depositions and the mediation which was scheduled for February 8, 2024. We suggested having the depositions take place for before February 12, for which we provided several dates (that are still all available). Opposing counsel stated that she does not have enough time to prepare for these depositions before then. We

likewise conferred with our Clients and offered March 11-13 for the depositions and requested that we mutually file an agreed upon (or at least unopposed) motion to extend the discovery deadline ten days solely for these depositions. Opposing counsel rejected this proposal and stated she would oppose same.

19.    In Conclusion, Defendant's counsel complied with this Court's order as to the meet and confer, at which there only remains on last pending issue (Defendant's depositions). Defendant's counsel has been attempting to cooperate with Plaintiff's counsel to comply with the Court's order, and allow for the depositions to take place prior to the discovery deadline but Plaintiff's counsel is being unreasonable and using gamesmanship in order to make it appear as if Defendants are not attempting to comply.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants The Secret Dis Group, LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members, Popsella Inc. a/k/a Popsella Marketplace, Christopher B. Martin, And Hannah Martin a/k/a Hannah Ferreira a/k/a Hannah Vieira*

175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:  305-384-7371

By:   s/Richard C. Wolfe
    RICHARD C. WOLFE
    Florida Bar No.:  355607
    rwolfe@wolfelawmiami.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By:   _/s/Richard C. Wolfe_____