EXHIBIT C-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC, and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

              *Plaintiffs,*

       -against-

THE SECRET DIS GROUP LLC, POPSELLA
INC., CHRISTOPHER B. MARTIN, and
HANNAH MARTIN,

              *Defendants.*

Case No.: 6:22-cv-02417-RBD-LHP

**DEFENDANT SECRET DIS GROUP LLC'S RESPONSE TO PLAINTIFFS' FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS <u>TO
DEFENDANT THE SECRET DIS GROUP LLC</u>**

In accordance with Federal Rule of Civil Procedure 34, Defendant SECRET DIS

GROUP LLC ("SDG"), hereby respond to Plaintiff's First Requests for Production of

Documents and Things.

<u>**REQUESTS FOR PRODUCTION**</u>

1.     All Documents identified in Defendants' Fed. R. Civ. P. 26(a) Initial

Disclosures.

ANSWER: All documents responsive to Request for Production No. 1 have already

or will be provided.

2.　　Documents sufficient to show all individuals involved or having any ownership interest in each iteration of SDG's corporate structure since its inception.

ANSWER: None Exist.

3.　　Documents sufficient to show all individuals involved in SDG's regular, day-to-day operations, their titles, and a brief summary of their respective roles/positions.

ANSWER: None Exist.

4.　　Documents sufficient to show all licenses and permits – whether active or lapsed – related to SDG's business operations.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

5.　　Any Documents sufficient to identify the following information regarding all SDG Agents and employees [with the response to this Request reflecting the same such separation as designated below]:

　　　　a.　　Full name;

　　　　b.　　Physical address;

　　　　c.　　Confirmed contact information (e.g.: valid email address or phone number);

　　　　d.　　Title of position;

　　　　e.　　Start and end dates of tenure;

　　　　f.　　Brief summary of role/responsibilities within scope of position; and

g.  A representative example of the identified SDG Agent or employee acting within the scope of their respective role/position, or otherwise performing their respective duties as explained by SDG.

ANSWER: Document responsive to this request will or have been provided.

6.  Documents referencing, or otherwise evidencing any policies, procedures, guidelines, or rules concerning the following:

a.  SDG's business operations;

b.  SDG Agents' duties;

c.  Use of the SDG Social Media by Defendants, SDG Agents, and members/users; and

d.  Creation and use of SDG Content.

ANSWER: None Exist.

7.  All Documents and Communications between SDG and SDG Agents concerning the SDG Social Media, user activity, Infringing Services, and Unauthorized Merchandise.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter, and it seeks information which is protected under the marital privilege as the only SDG agent are Chris and Hannah Martin who are married.

8.  All Documents and Communications between SDG and Defendant CBM, Defendant HVM, affiliates, and sponsors in any way concerning SDG's business operations and practices.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information which is protected under the marital privilege as the only SDG agent are Chris and Hannah Martin who are married. Nevertheless, communications with other third parties that are responsive to this request will be provided or have already been provided.

9.      All Documents and Communications involving any Defendant(s) regarding the following in relation to SDG's commercial activity [with the response to this Request reflecting the same such separation as designated below]:

a.      Evolution of SDG's business model;

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information which is protected under the marital privilege as Chris and Hannah Martin who are married. Nevertheless, substantial documents have been provided already to Plaintiff's counsel depicting the business of SDG.

b.      Creation of the Unauthorized Merchandise; and

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah Martin who are married.

c.      SDG's reproduction or use of Plaintiffs' Properties.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah Martin who are married. As far as production of documents, these have been provided already in response to this request.

10.    All Documents and Communications involving SDG's use of the term "Disney," specifically limited to the following manners [with the response to this Request reflecting the same such separation as designated below]:

      a.      Business entity name(s)

      b.      SDG Site domain(s)

      c.      SDG Social Media account(s), page(s), and group name(s)

      d.      SDG Third Party Site account(s) and page(s)

ANSWER: Objection: Defendant objects to this Request for Production in that the Request as far as communications is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah Martin who are married. Nevertheless, with respect to documents involving the term "Disney" these documents have been provided in response to the request.

11.     All Documents and Communications evidencing, or referring to, Defendant(s) seeking approval from Disney to use Plaintiffs' Properties in conjunction with commercial activity, or otherwise seeking a business relationship with Disney.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request as far as communications is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah Martin who are married. Nevertheless, with respect to documents involving seeking approval, these documents have been provided in response to the request, or are already in Plaintiff's possession as these communications occurred through Plaintiff's counsel and Defendants former counsel.

12.     All Documents and Communications concerning the importation or attempted importation of Unauthorized Merchandise by SDG, including entry documents, transportation documents, shipping documents (e.g.: bills of lading, shipping receipts, inventory lists, etc.), payment documents, documents filed with or received from U. S. Customs and Border Protection (e.g.: seizure notices), and any related documentation received from Suppliers.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request as far as communications is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah

Martin are married. Nevertheless, with respect to documents involving U.S. Customs, these documents have been or will be provided in response to the request.

13.     Documents and Communications involving SDG and Suppliers regarding Unauthorized Merchandise, including the following [with the response to this Request reflecting the same such separation as designated below]:

      a.     Identification and valid contact information for any such Supplier(s);

      b.     All SDG orders or purchases from Supplier(s);

      c.     SDG's receipt or physical possession of Unauthorized Merchandise; and

      d.     Contracts or otherwise, evidencing an agreement concerning commercial activity.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request as far as communications is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence, and it seeks information which is protected under the marital privilege as Chris and Hannah Martin are married so communications directly between them are objected to. Nevertheless, with respect to documents involving SDG suppliers for merchandise described in the Complaint, these documents have been or will be provided in response to the request.

14.     All Communications between SDG and Suppliers or third-party sources concerning product(s) reproducing or otherwise utilizing Plaintiffs' Properties, including any inquiries or requests from SDG regarding the same (e.g.: written correspondence

from SDG to a potential manufacturer asking about measurements or structural details of mouse ear headbands).

ANSWER: Objection: "Mouse Ear Headbands" are not a subject of this litigation. Plaintiff has no patent infringement claims at issue in "mouse headbands" either, and therefore the request is not relevant to this action. Moreover it is objected to as overbroad in scope and time. Moreover this information is protected as a confidential trade secret for Defendants.

15.     Documents and Communications sufficient to show annual Gross Revenue and net profits from SDG's business operations. For purposes of clarity, this Request concerns production of profit data resulting from SDG's commercial activity, it is not limited to Unauthorized Merchandise profits alone.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information which it even admits is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information.

16.     All Documents and Communications concerning SDG's annual Expenses associated with the Infringing Services and Unauthorized Merchandise.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request as far as communications is overbroad in scope, time and subject matter, the term "unauthorized merchandise" is objected to as it assumed facts not in evidence.

17.    All Documents and Communications relating to the sale or distribution of Unauthorized Merchandise by SDG, including that which evidences fulfillment of orders and/or purchases conducted online and offline.

ANSWER: The documents in response to this request will be provided or have already been provided, with the exception of communications between Chris and Hannah Martin.

18.    Documents sufficient to show the number of SDG Site user registrations and SDG Social Media membership requests per month during the Time Period. For purposes of clarity, this Request is not asking for personally identifying information of SDG's users/members, only the monthly numerical volume of such users/members.

ANSWER: The documents responsive to this request will be provided,

19.    Documents sufficient to show the Gross Revenue generated from SDG Site and SDG Social Media paid membership(s) and subscription service registration(s).

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information. Additionally this request seeks confidential trade secret information.

20.    All monthly statements during the Time Period for all banking accounts in SDG's name, or otherwise associated with the business operations of SDG.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not

limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information.

21.     All payroll records during the Time Period associated with the business operations of SDG.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information.

22.     All Documents and Communications concerning compensation or monetary payment(s) issued from SDG to any of the following [with the response to this Request reflecting the same such separation as designated below]:

    a.      Defendant CBM

    b.      Defendant HVM

    c.      Any SDG officers or directors, other than Defendant CBM or Defendant HVM

    d.      Suppliers

    e.      Partner entities or individuals

    f.      Third-party vendors

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information. Specifically it also does not request information

even related to the specific allegedly infringing merchandise and instead seeks documents related to all merchandise, sales, payments, expenses, etc of the Company.

23.     All SDG federal and state tax records, or international equivalent, since SDG's creation.

Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information

24.     Any Documents related to the ownership of any real property which identifies SDG, or any of its officers or directors, as possessing an ownership interest in the same.

ANSWER: None.

25.     All payment processor records, including Communications with said processing entity, customers, or potential customers, regarding transactions in any way related to the Unauthorized Merchandise, Infringing Services, or containing any of the Search Terms.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad in scope, time and subject matter and it seeks information is not limited to the issues in the Complaint, which is not relevant and will not lead to discoverable admissible information. This also seeks confidential trade secret information.

26.     All Documents and Communications regarding monetization of SDG Social Media account(s) content.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

27.     All Documents sufficient to evidence all monthly Gross Revenue payouts during the Time Period, resulting from SDG Social Media.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

28.     All ACH records of transactions in any way related to the Infringing Services, Unauthorized Merchandise, or SDG operations, for any financial account(s) belonging to any of the Defendants. For purposes of clarity, this Request includes the identification of any financial account(s) tied to the SDG Sites, SDG Social Media, and SDG Third Party Sites.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

29.     All Documents and Communications regarding efforts by any Defendant(s) to advertise and market SDG, the Infringing Services, or the Unauthorized Merchandise, including evidence sufficient to identify specific online and/or offline methods and channels of such promotional activity.

ANSWER: Will be provided or have already been provided.

30.     All Documents and Communications since January 1, 2014, concerning online marketing or promotional content involving Unauthorized Merchandise, via any domain name(s) or social media account(s) registered to, operated by, or otherwise in the name of SDG and/or any of its officers or directors, along with copies of any such content.

ANSWER: Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

31.     Documents sufficient to identify all promotional material emailed by, or on behalf of, SDG during the Time Period.

ANSWER:  Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. All relevant document responsive to this request shall be provided or have already been provided to Plaintiff.

32.     Documents sufficient to identify each discount event or price reduction sale of Unauthorized Merchandise since December 2, 2021.

ANSWER: All relevant document responsive to this request shall be provided or have already been provided to Plaintiff.

33.     All Documents and Communications during the Time Period, regarding or referring to the target demographic or type of customer(s) to whom SDG advertises, markets, promotes, or sells the Infringing Services or Unauthorized Merchandise.

ANSWER: None Exist.

13

34.     Documents sufficient to show each instance wherein SDG Content was recorded or otherwise created on Disney theme park or resort property.

ANSWER: Will be provided or has already been provided. However, a substantial amount of the documents which are responsive to this request have been deleted across all social media platforms which was demanded by Plaintiff prior to the lawsuit being filed.

35.     Documents sufficient to show, and any Communications regarding, each instance wherein SDG Content depicts Unauthorized Merchandise with genuine or otherwise authorized Disney product(s) (e.g.: SDG Content displaying a Disney-themed Loungefly backpack with a mouse ear headband manufactured, offered for sale, or sold by SDG).

ANSWER: Will be provided or has already been provided. However, a substantial amount of the documents which are responsive to this request have been deleted across all social media platforms which was demanded by Plaintiff prior to the lawsuit being filed.

36.     Documents sufficient to show each instance wherein SDG Content depicts Unauthorized Merchandise with a use of Plaintiffs' Properties, whether image or text.

ANSWER: Will be provided or has already been provided. However, a substantial amount of the documents which are responsive to this request have been deleted across all social media platforms which was demanded by Plaintiff prior to the lawsuit being filed.

37.     Documents sufficient to evidence all standard web analytics related to the SDG Sites.

ANSWER: Will be provided or has already been provided. However, a substantial amount of the documents which are responsive to this request have been deleted or are inaccessible on certain platforms because the accounts were deleted which was demanded by Plaintiff prior to the lawsuit being filed.

38.     Documents sufficient to evidence all platform-provided analytics for SDG Social Media, which would include without limitation, page performance, group statistics, content insights (e.g.: "reach, reactions, shares, and comments" as defined by relevant Meta Policies), as well as Gross Revenue generation calculations related to the same.

ANSWER: Will be provided or has already been provided. However, a substantial amount of the documents which are responsive to this request have been deleted or are inaccessible on certain platforms because the accounts were deleted which was demanded by Plaintiff prior to the lawsuit being filed.

39.     Representative specimens of each type of product bearing or otherwise trading upon Plaintiffs' Properties, that was manufactured, distributed, marketed, offered for sale, or sold by SDG during the Time Period.

ANSWER: Objection, this request is vague and ambiguous and Defendant does not understand the request to be able to give a proper response.

40.     Representative specimens of each iteration of label, hang tag, and product packaging used by SDG in association with the Unauthorized Merchandise during the Time Period.

ANSWER: Will be provided.

41.     All Documents and Communications, from January 1, 2019 to the present, relating or referring to the creation, design, development, marketing, offer for sale, and sale of Unauthorized Merchandise, as specifically limited to face masks bearing Plaintiffs' Properties.

ANSWER: Will be provided with the exception of communications directly between Hannah and Chris Martin which are protected under the marital privilege.

42.     All Documents and Communications, during the Time Period, relating or referring to the creation, design, development, marketing, offer for sale, and sale of Unauthorized Merchandise, as specifically limited to the following categories of products, bearing or otherwise trading upon Plaintiffs' Properties [with the response to this Request reflecting the same such separation as designated below]:

      a.     Keychains

      b.     Stickers, decals, and magnets

      c.     Fanny packs

      d.     Hats (e.g.: baseball caps)

      e.     Magnets

      f.     Hair accessories (e.g.: scrunchies; headwraps/fabric headbands)

      g.     Novelty buttons

      h.      Apparel (e.g.: youth dresses)

      i.      Fashion jewelry

      j.      Mouse ear headbands

ANSWER: Will be provided.

43.    Documents and Communications sufficient to show all effort(s) by SDG to prevent any association or affiliation with, or connection to Plaintiffs or Plaintiffs' Properties. For purposes of clarity, this Request includes procedures or protocol implemented to deter a likelihood of confusion by consumers as to the source of the Infringing Services and Unauthorized Merchandise.

ANSWER: Objection as vague and ambiguous.

44.    All Documents showing, and any Communications discussing, each instance wherein SDG's business location or physical address is identified as the same as a Disney theme park or resort property, whether by name, geographic location, or both (e.g.: "Walt Disney World Resort Orlando, Florida 32830").

ANSWER: See Complaint. Defendant can no longer show what was previously changed or deleted at Plaintiff's demand.

45.    All Documents and Communications with a representative of a social media platform concerning the SDG Social Media in any manner, including technical support, group page functionality, content monetization, and revenue generation and payment.

ANSWER:  Objection: Defendant objects to this Request for Production in that the Request is overbroad and not relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

46.     Documents sufficient to show all versions of 'Rules from the Admins' for each Facebook.com group having existed within the scope of SDG Social Media.

ANSWER: Will be provided to the extent that they are able to accessed. Any prior iteration besides the current one cannot be accessed as it was in the past and not recorded by Defendants.

47.     All Documents and Communications evidencing or otherwise referring to individual member removals from all Facebook.com groups having existed within the scope of SDG Social Media.

ANSWER: Have already been or will be provided.

48.     All Documents and Communications from any person or entity other than Plaintiffs, putting SDG on notice concerning violation of Plaintiffs' Copyrights or Plaintiffs' Trademarks. For purposes of clarity, this Request includes breach of service provider policies or guidelines, and statements or inquiries from SDG Social Media group members and the general public questioning SDG's use of Plaintiffs' Properties with the Infringing Services and Unauthorized Merchandise.

ANSWER: None Exist to the best of Defendant's knowledge.

49.     All Documents and Communications referencing any potential copyright or trademark applications and registrations, in any way related to SDG, the Infringing

Services, or the Unauthorized Merchandise, including any correspondence concerning the development, use, or cessation of use of the Sparkling Dreamers Mark.

ANSWER: Has already been provided to Plaintiff.

50.     All Documents and Communications relating to instances of, or inquiries concerning, actual or possible confusion, mistake or deception regarding an affiliation or association between Plaintiffs or Plaintiffs' Properties and the Infringing Services, Unauthorized Merchandise, or SDG. For purposes of clarity, this Request includes statements or inquiries by third party's identifying Plaintiffs' Properties in relation to the Unauthorized Merchandise.

ANSWER: Has already been or will be provided to Plaintiff.

51.     All Documents and Communications involving complaints, negative feedback, or return/refund requests in relation to the Unauthorized Merchandise, Infringing Services, or any Defendant's involvement in the same.

ANSWER: None Exist.

52.     All Documents and Communications evidencing, or otherwise referring to, all SDG Reviews.

ANSWER: Will be or have already been provided.

53.     Documents sufficient to show each action taken, or SDG Content posted, by you or any SDG Agents since December 2, 2021, to migrate SDG Social Media users and members to another group or page registered to, or otherwise operated by SDG.

ANSWER: None exist.

54.     All Communications referencing any of Plaintiffs' Properties and/or the Search Terms, wherein any of the following are a sender and/or recipient of such Communication(s) [with the response to this Request reflecting the same such separation as designated below]:

  a. Email account(s) registered to, associated with, or otherwise utilizing a domain name of, the SDG Sites;

  b. Social media user account(s), page account(s), or group account(s) registered to, or operated by, any of the Defendants; and

  c. Third party website user account(s), page account(s), or storefront account(s) registered to, or operated by, any of the Defendants.

ANSWER: Highly overbroad. However, See answers to Interrogatories for a list of the social media accounts and email names.

55.     All Documents and Communications with SDG or Defendant(s) as an identified party, evidencing any form of business relationship concerning the Infringing Services or Unauthorized Merchandise (e.g.: advertising, distribution, fulfillment services), including formal or informal contracts or agreements. If no such Documents are available, please provide the name, address, and contact information of any involved party that is not SDG or the Defendants.

ANSWER: No such documents are available. See interrogatory responses for Companies name.

56.     All ESI in your possession containing any Search Terms.

ANSWER: Objective. Highly overbroad and unduly burdensome.\

57.     All Documents, demonstrative aids, summaries, or other items that you intend to utilize at trial, whether as an exhibit or to assist the testimony of a witness in any way.

ANSWER: None exist at this time but Defendant reserves the right to amend this answer.

58.     All Documents identifying, referring, or relating to all Persons you expect to call as an expert witness at trial, the area(s) of expertise and subject matter on which the expert is expected to testify and a summary of the grounds for each opinion, all written reports of each expert, the most recent resume or curriculum vitae of each expert and all notes, diagrams, photographs, videotapes, or other Documents prepared or reviewed by each expert.

ANSWER: See Interrogatory responses. At this time solely Hannah and Chris Martin will be called to testify.

59.     Documents sufficient to show that SDG was permitted to use Plaintiffs' Properties, or otherwise supporting the contention that SDG did not infringe upon Plaintiffs' Properties.

ANSWER: Objection: Vague and ambiguous. The support is under law.

60.     Documents supporting your contention that SDG's use of Plaintiffs' Properties via the Infringing Services and Unauthorized Merchandise was 'fair use' under federal law.

ANSWER: Objection: Vague and ambiguous. The support is under law.

61.     Documents supporting your contention that SDG's use of Plaintiffs' Properties introduced commentary or criticism to the public as parody or satire.

ANSWER: Objection: Vague and ambiguous. The support is under law. The merchandise speaks for itself.

62.     Documents and Communications sufficient to show evidence of the following [with the response to this Request reflecting the same such separation as designated below]:

      a.     Plaintiffs' damage(s) or injury suffered in this Lawsuit is a result of the action(s), inaction(s), or omission(s) of Plaintiffs;

      b.     Plaintiffs have 'unclean hands' in this Lawsuit;

      c.     Plaintiffs are unable to recover under copyright or trademark laws because this Lawsuit is barred by laches; and

      d.     Plaintiffs are unable to recover under copyright or trademark laws because this Lawsuit is barred by estoppel.

ANSWER: Objection: Vague and ambiguous. The support is under law. The merchandise speaks for itself.


63.     All Documents not previously identified in your responses to these Requests which support, refer, or relate to any claims or defenses relevant to the Complaint.

ANSWER: Will be provided, if any.

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, a true and correct copy of the foregoing

was furnished by electronic mail to the following counsel of record:

Kimberly A. Harchuck, Esq.
Holihan Law
1101 North Lake Destiny Rd., Ste 400
Maitland, Florida 32751
Telephone: (407) 660-8575
kimberly.harchuck@holihanlaw.com
Counsel for Plaintiffs

/S/ RICHARD C. WOLFE
Richard C. Wolfe, Esq.
Wolfe Law Miami P.A.
175 SW 7th St., Penthouse, Ste. 2410
Miami, FL 33130
rwolfe@wolfelawmiami.com