# EXHIBIT D-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, and LUCASFILM ENTERTAINMENT COMPANY LTD. LLC,<br><br>*Plaintiffs,*<br><br>-against-<br><br>THE SECRET DIS GROUP LLC, POPSELLA INC., CHRISTOPHER B. MARTIN, and HANNAH MARTIN,<br><br>*Defendants.* | Case No.: 6:22-cv-02417-RBD-LHP |

## DEFENDANT THE SECRET DIS GROUP, LLC (SDG)'S RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT SDG

In accordance with Federal Rule of Civil Procedure 33 Defendant, SDG, hereby responds to Plaintiff's First Set of Interrogatories as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the Person(s) answering these Interrogatories, supplying information, or in any way assisting in the preparation of answers on behalf of SDG, including full and current contact information, as well as their position with, or relationship to, SDG.

ANSWER: Chris Martin and Mason Wolfe, Esq.

**INTERROGATORY NO. 2:**

Identify any Person(s) with ownership or financial interest in SDG at any point during the Time Period, including when such interest was received, what compensation was paid for said interest, and what Documents evidence this interest, and/or the sale or transfer of such interest.

ANSWER: Chris Martin and Hannah Martin.

**INTERROGATORY NO. 3:**

Identify the Person(s) with the most knowledge of SDG's business operations, including providing the Infringing Services, creation and manufacturing of the Unauthorized Merchandise, SDG's online presence (e.g.: SDG Sites, SDG Social Media, and SDG Third Party Sites), and creation and use of the SDG Content.

ANSWER: Chris Martin.

**INTERROGATORY NO. 4:**

Identify the Person(s) with the most knowledge of SDG's finances (e.g.: Expenses, Gross Revenue, profits, etc.).

ANSWER: Chris Martin.

**INTERROGATORY NO. 5:**

Identify all Person(s) having any involvement in SDG's operations, including their position(s), start and end dates of tenure in said position, and duties of said position. For purposes of clarity, this Interrogatory includes employees, independent contractors, and volunteers.

ANSWER: Danielle Swett. She was a contractor, handled finances for the Company including accounting services and tax matter. She worked approximately from January 2021 to May 2022. She has since passed away.

Chris Martin. Position: CEO. January 2021 to present. Manage day to day operations.

Hannah Martin: Employee. January 2021 to present. Manage day to day operations.

**INTERROGATORY NO. 6:**

Identify all SDG Agents, including their position(s), start and end dates of tenure in said position, and duties of said position.

ANSWER: Chris Martin. Position: CEO. January 2021 to present. Manage day to day operations. Hannah Martin: Employee. January 2021 to present. Manage day to day operations.

**INTERROGATORY NO. 7:**

Identify all Person(s) or entities with which SDG has had a formal or informal commercial relationship. For purposes of clarity, this Interrogatory includes Suppliers, affiliates, retail locations, partners, downstream distributors, and advertising sponsors, as well as any contract(s), agreement(s), or arrangement(s) governing said relationship.

3

ANSWER: "DVC Shop" is an advertiser on SDG. I do not know their formal corporate structure. Etsy.com was where SDG primarily sold their goods so there was an informal relationship there. Ebay.com was where some goods were sold. The manufacturers of the goods described in Plaintiff's Complaint were manufactured by Tianjin Commonda Intl. Trade Co. It is believed they are operating out of China. The address is unknown. Our contact with them was over Alibaba.com or Whatsapp. All communications with this company was deleted by them on Whatsapp. We believe they are out of business.

### INTERROGATORY NO. 8:

Identify the physical address(es) of all real property that is owned in whole or in part by any of the Defendants, or at any point acted as a headquarters, manufacturing facility, fulfillment center, or base of operations for SDG.

ANSWER: SDG did not own any real property. 4646 Prairie Point Blvd Kissimmee, FL 34746 was the address of the operations.

### INTERROGATORY NO. 9:

For all Unauthorized Merchandise sold or distributed by SDG, identify the following:

    a.    Type of good (e.g.: face mask; fanny pack; mouse ear headband)

    b.    Product name/description (e.g.: "Secret Disney Group Magnet;" "Bag of Bugs Ears;" "Robot 2dots Scrunchie;" "Mermaid Shell Ears;" "Be Brave Ears"

4

      c.      The dates of each sale of the specific product identified

      d.      The sale price of each specific product identified

      e.      The each specific product identified

ANSWER: Objection as to the term "Unauthorized Merchandise" as it assumes facts not in evidence. All of the merchandise sold by SDG is not infringing on any trademark described in the Complaint or it is fair use protected under law. If this request seeks to state every single item that it has sold, then this request is objected to as highly overbroad and unduly burdensome and seeks information that is not relevant to allegations in the complaint and is not admissible nor reasonably calculated to lead to admissible evidence.

**INTERROGATORY NO. 10:**

Identify all events and physical locations where the Unauthorized Merchandise has been offered for sale.

ANSWER: No Merchandise referenced in the Complaint was ever sold at a physical location. Some masks were sold to a third party, who upon information and belief may have sold them. It is believed that he was operating at OldTown in Orlando, FL at 5770 W Irlo Bronson Memorial Hwy, Kissimmee, FL 34746.

**INTERROGATORY NO. 11:**

Identify and describe each action, affirmative step(s), or due diligence procedure(s) taken or otherwise implemented by you since December 2, 2021, to::

    a.    Comply with Plaintiffs' demands set forth in the two (2) demand letters issued to SDG, dated Dec. 1, 2021 and Dec. 7, 2021, respectively;

    b.    Comply with the 'litigation hold' language concerning preservation of evidence as set forth in Plaintiffs' demand letter to SDG, dated Dec. 7, 2021; and

    c.    Identify, preserve, and produce all ESI in any way related to SDG's operations or this Litigation.

ANSWER: At Plaintiff's demand, we removed thousands of photos and videos from any and all platforms, websites, social media pages, which were requested by Plaintiff to remove. We changed the name of the Facebook page multiple times at Plaintiff's demand. We changed the name of the many Facebook group(s)/page(s) to "Secret Dis Group" which Plaintiff then objected to. Then we changed the name to "Secret Theme Park Group." Then Plaintiff demanded that we delete the groups in its entirety. We attempted to do so several times but were unable to. Then we contact Facebook to get assistance for deleting the pages. We showed proof of this to Plaintiffs. We offered to transfer the pages to Plaintiff so that they can delete the pages if they wanted because we were unable to successfully delete the pages and/or remove certain members, which they declined. Plaintiff demanded that we change the name to the LLC, which was originally "Secret Dis Group, LLC" which we changed it to "Sparkling Dreamers, LLC" successfully on June 9, 2023. We had to hire a third party to complete that as we were unable to do that on our own. We deleted our Etsy accounts at Plaintiff's demand. Plaintiff demanded the

6

transfer of our domain name Secretdisneygroup.com, which we complied with by giving them the code to take the name. We stopped using all tags which depicted a castle. Our new tags stated "Sparkling Dreamers" with some gems. We had a properly registered Trademark of Sparkling Dreamers, and also had a secondary design mark which had a castle in the background. Plaintiff demanded that we abandon the design mark. We complied. Plaintiffs demanded that we deliver to them any of the remaining merchandise that they have described in the Complaint. We attempted to on many occasions to deliver same to them and each time Plaintiff's agents failed to coordinate or refused to coordinate a time to accept said merchandise. We still are in possession of said merchandise and are willing and able to deliver them to Plaintiff whenever they request.

**INTERROGATORY NO. 12:**

Identify and describe all websites, social media platforms, and web or mobile applications created during the Time Period, with use of the terms "Dis" or "Disney" in the name or title of the account, user, page, store, or group.

ANSWER: Secretdisneygroup.com. We never created any web applications.

**INTERROGATORY NO. 13:**

Identify and describe all websites registered to, owned, or otherwise operated by SDG during the Time Period.

ANSWER: Secretdisneygroup.com; Sparklingdreamers.com; and Sparklingdreamer.com.

7

**INTERROGATORY NO. 14:**

Identify and describe all social media accounts, pages, and groups registered to, operated or otherwise used by, SDG at any point during the Time Period. For purposes of clarity, this Interrogatory requests identification of the following with the corresponding account, page, or group:

    a.    Name or handle;

    b.    All iterations or name changes to the same account/page/group, including the date(s) of such change(s);

    c.    The corresponding platform; and

    d.    Dates of use (e.g.: creation date, termination date, or date of last use).

ANSWER:   - Secret Disney Group (Facebook). Then changed to SecretDisGroup in December, 2021. Then changed on December 29th 2021 to secretthemepark group. On April 2 2022, it was changed to Orlando theme parks and beyond. Then August 29, 2022 it was changed to secret theme park group group which it still is today. The group is too large to close down.

- The Magical Photoshop Group (Facebook). Closed, unknown at this time exactly when it was closed.
- The Annual Pass Dis Group is too large to close down.
- Secret Disney Page (Facebook) which is now closed. Unknown exactly the date it was closed.

8

- @thesecretdisneygroup (Instagram) closed. Unknown exactly when that occurred.
- @thesecretdisgroup (Instagram). Unknown exactly when that occurred.
- Travel the World with Chris Martin (Facebook) active.
- Sparkling Dreamers (Facebook) active.
- Sparkling Members (Instagram) active.
- Secret Dis Group (Etsy) which is closed and it is unknown the exact date of closing.
- The facebook pages ChrisMartinRocks, HannahFerreirav, sparkling members, sparklingdreamersears are all active.
- The Instagram pages @sparklingmembers, @heychrismartin, @heyhannahmartin, @heymauimartin, are all active.
- The tiktok page heyhannahmartin0 is active.
- The SDG Youtube page is still active.

**INTERROGATORY NO. 15:**

Identify and describe all third-party websites utilized by SDG to sell Unauthorized Merchandise, or advertise the Infringing Services, Unauthorized Merchandise, or SDG. For purposes of clarity, this Interrogatory requests identification of the following with the corresponding website:

    a.    Name or handle of account, page, storefront, or marketplace;

9

      b.      All iterations or name changes to the same account, page, storefront, or marketplace, including the date(s) of such change(s); and

      c.      Dates of use (e.g.: creation date, termination date, or date of last use).

ANSWER: Objection: no Unauthorized merchandise were ever sold by SDG on any website, however the merchandise attached and described in the complaint was sold on Etsy (primarily) with some being sold on Ebay. The number is sales is vast and it is unattainable to obtain all of this information being Defendant deleted the accounts at Plaintiff's strict demand. Prior to deleting all of these accounts all of this information was provided to Plaintiff at length so they are in possession of all of this information. This request is highly overbroad in scope and time and unduly burdensome for Defendant to obtain and Plaintiff is already in possession of same.

**INTERROGATORY NO. 16:**

Identify all media management software (e.g.: Hootsuite), platform feature(s)/service(s), and web or mobile application(s) (e.g.: Ripl) used by any Defendant to create, generate, post, publish, or otherwise disseminate SDG Content via multiple accounts and/or across various platforms.

ANSWER: None exist.

**INTERROGATORY NO. 17:**

Upon executing the necessary queries of Search Terms, identify all of the following that possess or otherwise contain discoverable ESI as related to SDG or this Litigation, along with a description (e.g.: terminated website content, deleted Instagram messages, Facebook account activity log, emails, Dropbox video recordings, etc.) of the corresponding ESI:

a. Custodian(s);

b. Non-custodial data sources (e.g.: shared drives and servers); and

c. Third-party data sources (e.g.: email providers, cloud storage, social media platforms).

ANSWER: Objection. This request is highly overbroad, vague, ambiguous, and unduly burdensome. Additionally, the request seeks information which is believed to have been provided already in response to Plaintiff's requests for production.

### INTERROGATORY NO. 18:

Identify and describe each action taken or SDG Content posted by you or any SDG Agents since December 2, 2021, to migrate SDG Social Media users and members to another group or page registered to, or otherwise operated by SDG.

ANSWER: To identify each individual action taken is unduly burdensome. There were thousands of posts, comments, or other communications across the many pages to list every single one.

### INTERROGATORY NO. 19:

Identify all Person(s) that SDG intends to call as a fact or expert witness in this Litigation.

ANSWER: Chris Martin and Hannah Martin. No expert witnesses are known at this time but Defendant reserves the right to amend this answer at a later date.

**INTERROGATORY NO. 20:**

State all facts, identify all Documents which evidence such facts, and identify all Person(s) with knowledge of such facts, which support any defense(s) asserted in the Answer to the Complaint.

ANSWER: See all affirmative defenses attached to the Answer to the Complaint. In short, Defendant's usage of the trademarks referenced by Disney are fair use, parody, and/or transformative, and therefore not infringement. Defendant references to all documents produced in response to the. Request for produced as evidentiary support of this. To name and identify each specific document when Defendant has produced hundreds of documents would be unduly burdensome. Moreover, Plaintiff has attempted to interject additional goods into this dispute which Defendant has sold (specifically for headbands or "Ears" which Plaintiff does not have a patent in, nor could they) and which are not referenced in the Complaint in an attempt to stifle competition for the sale of there goods.

# VERIFICATION

I, _Christopher Martin_, AM AWARE THAT ANY MATERIAL FALSE STATEMENT KNOWINGLY MADE WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE PENALTY OF PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE COURT.

_____
Individual on behalf of
The Secret Dis Group LLC
a/k/a The Secret Disney Group
a/k/a Sparkling Dreamers
a/k/a Sparkling Members

STATE OF FLORIDA

COUNTY OF _Osceola_

BEFORE ME, the undersigned authority, personally appeared _Christopher Martin_ on behalf of The Secret Dis Group LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members, after being sworn, deposes and states that the foregoing Answers to Interrogatories are true and correct to the best of his or her knowledge and belief, this _1_ day of _February_, 2024.

____ Personally Known

_✓_ Produced Identification as Follows:

_Florida Driver License_

JENNIFER LOPEZ ROSARIO
Notary Public, State of Florida
Commission# HH 441012
My comm. expires Sept. 6, 2027

_____
Notary Public

_Jennifer Lopez Rosario_
(Name of Notary Printed)

13

Commission No.: H# 4A1012

14