**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

        Plaintiffs,

v.                                Case No:   6:22-cv-2417-RBD-LHP

THE SECRET DIS GROUP LLC,
POPSELLA INC., CHRISTOPHER B.
MARTIN and HANNAH MARTIN,

        Defendants

---

**ORDER SCHEDULING DEFENDANTS' DEPOSITIONS**

By Order dated February 14, 2024, the Court granted in part Plaintiffs' motion to compel Defendants' compliance with discovery and ordered, among other things, that the discovery period would be extended through March 13, 2024 for the limited purpose of conducting Defendants' depositions in this case.  Doc. No. 40, at 17–19.   The Court ordered lead counsel for the parties to meet and confer within seven (7) days regarding scheduling Defendants' depositions, and to file a joint notice setting forth the date, time, place, and location of Defendants' depositions by that same deadline.  *Id.* at 21.   The Court warned that if the parties were unable to

agree on deposition dates, the Court would schedule the depositions to occur at the courthouse, on dates and times convenient to the Court. *Id.* The Court further cautioned the parties that depositions conducted after the formal discovery completion date (March 4, 2024, *see* Doc. No. 17) would be unavailable for summary judgment purposes, including responses and replies. *Id.* (citing Doc. No. 17, at 10).

Now before the Court is the parties' Joint Notice Regarding Defendants' Depositions Pursuant to Court Order, which states that the parties have failed to agree on deposition dates. Doc. No. 41. In sum, although Defendants initially offered to have the depositions occur partially remotely on February 26–29, 2024, Plaintiffs rejected that offer. *See* Doc. No. 37, at 4. Only after the Court issued the February 14, 2024 Order did Plaintiffs change their mind, given the unavailability of depositions taken after the discovery completion date for summary judgment purposes. *See* Doc. No. 41, at 2. But now Defendants no longer wish to honor that prior offer, and Plaintiffs wish to have the Court compel it. *See id.* at 4–5. The Court is not inclined to do so, given that all parties have been aware of the requirements of the Case Management and Scheduling Order ("CMSO") since March 16, 2023. Doc. No. 17.[1]

---

[1] Plaintiffs' "disagree[ment] with the Court's assessment of Plaintiffs' lack of diligence concerning Defendant's depositions" is unpersuasive. *See* Doc. No. 41, at 4 n.3. The Court's reference to diligence concerned Plaintiffs' apparent failure to serve any discovery in this case until almost eight (8) months after discovery began. Doc. No. 40, at 18. And in any event, to the extent that Plaintiffs were having communication issues with

Consequently, the Court now must schedule Defendants' depositions itself, which depositions the Court will require to be in person at the courthouse.  *See* Doc. No. 40, at 21.   It is therefore **ORDERED** as follows:

1.     Defendants The Secret Dis Group LLC, Popsella, Inc., Christopher B. Martin, and Hannah Martin are **ORDERED** to appear for in-person depositions at the United States Courthouse, **401 W. Central Boulevard, Orlando, Florida**, on **March 7, 8, and 11, 2024.**   Given the representation that Christopher B. Martin will be deposed both on his own behalf and on behalf of the two corporate entities (Doc. No. 41, at 5 n.5) those three depositions shall proceed on March 7 and 8, 2024, and Hannah Martin's deposition shall proceed on March 11, 2024, unless otherwise agreed by the parties.

2.     The March 7, 8, and 11, 2024 depositions shall proceed **in the witness rooms adjacent to Courtroom 5D**.   The witness rooms will be available from **9:00 a.m. to 4:00 p.m.** on those dates.   No party will be permitted access to the courtroom.

3.     The Court will not provide court reporter services, and the parties must supply their own court reporter for the depositions.   The court reporter is authorized to bring into the courthouse stenographic equipment, including

---

Defendants regarding scheduling depositions, Plaintiffs should have simply unilaterally notice the depositions.   *See* Middle District Discovery § (II)(A) (2021).

but not limited to a laptop and cellphone, for purposes of the March 7, 8, and 11, 2024 depositions to be conducted in the witness rooms adjacent to Courtroom 5D. **The court reporter must provide a copy of this Order to the court security officers to enter the courthouse with their equipment. The equipment must be produced for inspection upon request.**

4. The March 7, 8, and 11, 2024 depositions will be treated as court proceedings. Accordingly, the parties must fully comply with all Local Rules, including Local Rules 2.01, 2.02, and 5.03. **Only attorneys who are members admitted to the Bar of this Court and/or those specially admitted under Local Rule 2.01 will be permitted to conduct the depositions.**

5. Pursuant to Local Rule 7.02, no other persons may bring electronic devices into the courthouse, subject to the exceptions set forth in that Rule.

6. The parties are reminded that the March 7, 8, and 11, 2024 depositions will be unavailable for summary judgment purposes, including responses and replies. *See* Doc. No. 17, at 10.[2]

**7. The Court treats the instant Order as a discovery Order, and thus, any failures to comply with the requirements set forth herein may result in sanctions against the offending party, that party's counsel, or both.** *See* **Fed. R. Civ. P. 16(f); 37(b).**

---

[2] Any stipulation by the parties to the contrary is ineffective.

**DONE** and **ORDERED** in Orlando, Florida on February 22, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties