UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 22-CV-02417-RBD-LHP

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC, and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

      **Plaintiffs,**

**v.**

THE SECRET DIS GROUP, LLC
a/k/a THE SECRET DISNEY
GROUP a/k/a SPARKLING
DREAMERS a/k/a SPARKLING
MEMBERS, POPSELLA INC. a/k/a
POPSELLA MARKETPLACE,
CHRISTOPHER B. MARTIN, and
HANNAH MARTIN a/k/a
HANNAH FERREIRA a/k/a
HANNAH VIEIRA

      **Defendants.**

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF DISNEY ENTERPRISES INC.

Defendants, THE SECRET DIS GROUP, LLC a/k/a a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, by and through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, request that Plaintiff, DISNEY ENTERPRISES INC. ("Disney" or "Plaintiff"), answer fully the following set of Request for Admissions, in writing and under oath, and that said answers be signed, verified, and served within

thirty (30) days after service is made upon you. Pursuant to Florida Rule of Civil Procedure 1.370,

any matter admitted is conclusively established unless the court on motion permits a withdrawal

or amendment of the admission.

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants The Secret Dis Group, LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members, Popsella Inc. a/k/a Popsella Marketplace, Christopher B. Martin, And Hannah Martin a/k/a Hannah Ferreira a/k/a Hannah Vieira*

175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:  305-384-7371


By: ___*s/Richard C. Wolfe*_____
     RICHARD C. WOLFE
     Florida Bar No.:  355607
     rwolfe@wolfelawmiami.com


**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: ___*/s/Richard C. Wolfe*____

## DEFINITIONS

1.      The words "you," "yours" and/or "yourself" mean and refer to Plaintiffs.

2.      The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4.      The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.      "Agent" shall mean:  Any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust association or any other county.

7.      The words "pertain to" or "pertaining to" mean:  Relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.      The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.      The term "action" shall mean the case entitled DISNEY ENTERPRISES INC. v. THE SECRET DIS GROUP, LLC, et al., Case No. 22-02417, pending in the United States District Court for the Middle District of Florida.

10.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

11.     The word "Defendants" shall mean any or all of the Defendants in this action listed in the complaint:  THE SECRET DIS GROUP, LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, together with their employees and agents.

12.     The term "Plaintiffs' Goods" or "Plaintiffs' Good" means those goods sold by Plaintiffs, containing your trademark which Plaintiffs claim has been infringed upon by Defendants.

13.     The term "Defendants' Goods" refers to goods which Plaintiff described in this Action as allegedly infringing upon Plaintiff's intellectual property.

14.     The term "Ears", "Wearable Ears", "Wearable Mouse Ears", "Wearable Character Ears" means geometric shapes meant to resemble a real or cartoonish/exaggerated depiction of anatomical ears which function as the primarily organ that allows humans and other animals, including but not limited to rodents, mice, hamsters, guineapigs, bears, and depictions of

extraterrestrial life forms or any other animal with circular ears to engage in the sensation of hearing.

15.    "Masks" or "Covid Masks" means the wearable masks or face coverings sold by Defendants, which are described by and included in Plaintiff's Complaint, that Plaintiff's claim contains infringing material on them of various intellectual property owned by Plaintiff.

## **INSTRUCTIONS**

If you object to answering a request for admission because of a privilege, you must nevertheless provide the following information pursuant to the Federal Rules of Civil Procedure unless divulging the information would disclose the privileged information:

1.    The nature and privilege claimed (including work product);

2.    If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.    The date of the document or oral communication;

4.    If a document:  Its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5.    If an oral communication:  The place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6.    The general subject matter of the document or oral communication.

You are under continuous obligation to supplement your answers to these Interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e).

**REQUEST FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiffs have attempted to patent Wearable Mouse Ears with the USTPO.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Plaintiffs have attempted to copyright Mouse Ears with the USTPO.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiffs have attempted to trademark Mouse Ears with the USTPO.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiffs attempt(s) to patent Wearable Mouse Ears with the USTPO was

denied by the USPTO, or never culminated in a registered patent.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiffs attempt(s) to copyright Mouse Ears with the USTPO was denied by

the USPTO, or never culminated in a registered copyright.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiffs attempt(s) to trademark Mouse Ears with the USTPO was denied by

the USPTO, or never culminated in a registered trademark.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiffs do not hold any enforceable intellectual property rights (i.e.,

trademark, patent, or copyright) in wearable mouse ears.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the basis for Plaintiff's infringement claim exhibited on page 10 of the complaint (6:22-cv-02417-RBD-LHP) is based upon the use of three circles joined to form a silhouette of a mouse ears (which Plaintiffs claim to be "Micky Mouse") which appears on the material covering the ears.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the basis for Plaintiff's infringement claim exhibited on page 10 of the complaint (6:22-cv-02417-RBD-LHP) is not based upon the entire Mouse Ear structure itself.

**REQUEST FOR ADMISSION NO. 10**

Admit that the Plaintiff's copyright infringement claim exhibited on page 10 of the complaint (6:22-cv-02417-RBD-LHP) is the only infringement claim mentioned in the complaint that concerns Mouse Ears.

**REQUEST FOR ADMISSION NO. 11**

Admit there are no copyright infringement claims mentioned in the complaint that concern the depiction of Mouse Ears with an "bow" or "hair ribbon."

**REQUEST FOR ADMISSION NO. 12**

Admit that when Plaintiff's demanded defendants cease selling all goods described in the complaint that Defendants complied and stopped selling said goods, with the exception of Wearable Ears.

**REQUEST FOR ADMISSION NO. 13**

Admit that Plaintiffs claim of infringement was a means to pressure Defendants to stop selling wearable ears for which Plaintiff's do not have a protectable interest in.

**REQUEST FOR ADMISSION NO. 14**

Admit that upon the Plaintiff's demand to change their business name, Defendants changed their business name multiple times via multiple iterations to satisfy the demands of Plaintiffs.

**REQUEST FOR ADMISSION NO. 15**

Admit that Defendants have to date complied with Plaintiffs demand to change their business name, trade name, websites, social media names, or social media group names.

**REQUEST FOR ADMISSION NO. 16**

Admit that every character which is shown or depicted on the "Masks" or "Covid Masks" described in Plaintiffs complaint has been altered, changed, or transformed to be wearing a Mask or Covid Mask.

**REQUEST FOR ADMISSION NO. 17**

Admit that all uses of Plaintiff's alleged intellectual property which is shown or depicted on the "Masks" or "Covid Masks" described in Plaintiffs complaint has been altered, changed, or transformed in some way.