**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE  NO. 22-CV-02417-RBD-LHP**

**DISNEY ENTERPRISES, INC.,**
**LUCASFILM LTD. LLC, and**
**LUCASFILM ENTERTAINMENT**
**COMPANY LTD. LLC,**

      **Plaintiffs,**

**v.**

**THE SECRET DIS GROUP, LLC**
**a/k/a THE SECRET DISNEY**
**GROUP a/k/a SPARKLING**
**DREAMERS a/k/a SPARKLING**
**MEMBERS, POPSELLA INC. a/k/a**
**POPSELLA MARKETPLACE,**
**CHRISTOPHER B. MARTIN, and**
**HANNAH MARTIN a/k/a**
**HANNAH FERREIRA a/k/a**
**HANNAH VIEIRA,**

      **Defendants.**
_____/

**<u>DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF DISNEY</u>**
**<u>ENTERPRISES INC.</u>**

Defendants, THE SECRET DIS GROUP, LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, by and through undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propound the following First Set of Interrogatories upon Plaintiff, DISNEY ENTERPRISES INC. (hereinafter "Disney" or "Plaintiff"), and requests that Plaintiff answer each interrogatory separately, fully, and under oath within thirty (30) days of service.

## DEFINITIONS

1.     The words "you," "yours" and/or "yourself" mean and refer to Plaintiffs.

2.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3.     "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4.     The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to:  correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5.     "Agent" shall mean:  Any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

6.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust association or any other county.

7.     The words "pertain to" or "pertaining to" mean:  Relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8.     The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9.      The term "action" shall mean the case entitled DISNEY ENTERPRISES INC. v. THE SECRET DIS GROUP, LLC, et al., Case No. 22-02417, pending in the United States District Court for the Middle District of Florida.

10.     The word "identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

11.     The word "Defendants" shall mean any or all of the Defendants in this action listed in the complaint:  THE SECRET DIS GROUP, LLC a/k/a THE SECRET DISNEY GROUP a/k/a SPARKLING DREAMERS a/k/a SPARKLING MEMBERS, POPSELLA INC. a/k/a POPSELLA MARKETPLACE, CHRISTOPHER B. MARTIN, and HANNAH MARTIN a/k/a HANNAH FERREIRA a/k/a HANNAH VIEIRA, together with their employees and agents.

12.     The term "Plaintiffs' Goods" or "Plaintiffs' Good" means those goods sold by Plaintiffs, containing your trademark which Plaintiffs claim has been infringed upon by Defendants.

13.     The term "Defendants' Goods" refers to goods which Plaintiff described in this Action as allegedly infringing upon Plaintiff's intellectual property.

14.     The term "Ears", "Wearable Ears", "Wearable Mouse Ears", "Wearable Character Ears" means geometric shapes meant to resemble a real or cartoonish/exaggerated depiction of anatomical ears which function as the primarily organ that allows humans and other animals, including but not limited to rodents, mice, hamsters, guineapigs, bears, and depictions of

extraterrestrial life forms or any other animal with circular ears to engage in the sensation of hearing.

15.     "Masks" or "Covid Masks" means the wearable masks or face coverings sold by Defendants, which are described by and included in Plaintiff's Complaint, that Plaintiff's claim contains infringing material on them of various intellectual property owned by Plaintiff.

## **INSTRUCTIONS**

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to the Federal Rules of Civil Procedure unless divulging the information would disclose the privileged information:

1.     The nature and privilege claimed (including work product);

2.     If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.     The date of the document or oral communication;

4.     If a document:  Its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5.     If an oral communication:  The place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6.     The general subject matter of the document or oral communication.

You are under continuous obligation to supplement your answers to these Interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e).

4

## <u>INTERROGATORIES</u>

1.   Please identify yourself by providing the name of the individual answering the following interrogatories.  Please provide your address and contact information. Please identify all people and organizations who have assisted you in the answering of the following interrogatories, including their names, contact information, and addresses.

**ANSWER:**

2.   List the names and addresses of all persons who are believed or known by you, your Agents or your attorneys to have any knowledge concerning any of the issues in this Action including the creation, modification, approval and distribution of the Defendants' Goods, the similarities between Plaintiffs' Goods and the Defendants' Goods, and Plaintiffs' designs or marks alleged to be protected on each set of goods.

**ANSWER:**

3.      Describe all information learned by you that Plaintiffs relied upon in filing this Action. With respect to each learned item, describe your sources for acquiring such information.  Please categorize each source as either: 1. a news source; 2. a social media source; 3. a data base source; or a 4. or sourced by a confidential witness or third-party source.  Along with categorizing each source please provide contact information for the source itself.

**ANSWER:**

4.      Describe all similarities between Plaintiffs' Goods and the Defendants' Goods including the specific similarities related to logos and designs.

**ANSWER:**

5.      Describe all noticeable differences between Plaintiffs' Goods and Defendants' Goods, including but not limited to any character wearing a Mask.

        **ANSWER:**

6.      Identify, with particularity, any consumer whom you believe was confused regarding the source of Defendants' Goods or that the Defendants' Goods were associated and endorsed by Plaintiff.

        **ANSWER:**

7.      Please list the cost of Plaintiffs Goods sold to the public that hold similarities to the Defendants' goods contested in the complaint.

   **ANSWER:**

8.      Describe the similarities and differences in the design or logo displayed on Plaintiffs' Goods as compared to that on the Defendants' Goods.

   **ANSWER:**

9.     Describe any and all damages that Plaintiffs claim they have suffered as a result of the Defendants' purported actions with regard to the sales of the Defendants' Goods for which you seek recovery in this action.

      **ANSWER:**

10.    Have you sued any 3rd Party for selling goods similar to the Defendants' Goods and if so, for each 3rd Party sued, please describe:

      a)  The name of such 3rd Party Defendant;
      b)  The Court and Case Number for each such action;
      c)  The disposition, settlement or verdict for each such action;
      d)  The amount of goods seized from such 3rd Party Defendant;
      e)  The approximate price that such 3rd Party was selling their goods for;
      f)  Any document which describes the logo or design on such goods of the 3rd Party Defendant.

      **ANSWER:**

11.     List the names and addresses of all persons who are believed or known by you, your Agents or attorneys to have any knowledge concerning the Defendants' sale of the Defendants' Goods.

        **ANSWER:**

12.     Describe all damages that you claim in this case, and with respect to same, describe the legal support for such claim, your methodology of your calculation and any documents or facts that you rely upon in supporting or formulating said calculation.

        **ANSWER:**

13.     Identify all facts, documents and/or witnesses that you intend to rely upon to support your allegation that the Defendants infringed upon your trademarks in selling Defendants' Goods.

        **ANSWER:**

14.     Describe all facts that support your position that consumers are likely to be confused by Defendants selling Defendants' Goods because they may believe the Defendants' Goods are associated with or endorsed by Plaintiffs.

        **ANSWER:**

15.     Describe all of the costs and fees you have incurred to date with regards to Defendants' alleged infringement regarding your claims in this Action, and describe what each cost and/or fee is related to.

        **ANSWER:**

16.     Fully explain why you believe Plaintiff has or will suffer irreparable harm without the granting of Plaintiff's request for injunctive relief.

        **ANSWER:**

17.     For every denial to a request for admission asked in the related request for admission, please provide a reason for each denial provided.

        **ANSWER:**

18.     List every patent, trademark, or copyright belonging to Plaintiff that has been registered with the USPTO that you claim has been infringed upon by Defendants for which you are seeking damages for. In answering this interrogatory, list: a) the registration number, b) the registration date, c) and an explanation of how you believe said patent, trademark, or copyright has been infringed upon.

        **ANSWER:**

19.     Explain in detail how you have a protectable interest in Wearable Ears.

        **ANSWER:**

20.     Has Plaintiff ever filed a patent, trademark, or copyright application with the USPTO for Wearable Ears or Mouse Ears? If so, please list a) each application number, b) a registration number if the application was registered, c) if the application was denied, please state so, d) describe the basis for the USPTO denial as well as a description of the arguments stated in all office actions filed by the USPTO related to that application.

        **ANSWER:**

Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Attorneys for Defendants The Secret Dis Group, LLC a/k/a The Secret Disney Group a/k/a Sparkling Dreamers a/k/a Sparkling Members, Popsella Inc. a/k/a Popsella Marketplace, Christopher B. Martin, And Hannah Martin a/k/a Hannah Ferreira a/k/a Hannah Vieira*

175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone:  305-384-7370
Fax:  305-384-7371


By: ___ *s/Richard C. Wolfe* _____
     RICHARD C. WOLFE
     Florida Bar No.:  355607
     rwolfe@wolfelawmiami.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By:  __*/s/Richard C. Wolfe*____