# EXHIBIT 3

**Tuesday, March 5, 2024 at 14:54:45 Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Re: Disney v. Secret Dis Group, et al - Deposition of Disney Corporate Representative |
| **Date:** | Thursday, February 29, 2024 at 5:08:15 PM Eastern Standard Time |
| **From:** | Mason Richard Wolfe |
| **To:** | Kimberly Harchuck |
| **CC:** | Richard Wolfe, Michael Holihan, Nevaeha' M. Blucher, Cindy Thompson, Daniela Alarcon, Aimee Jimenez |
| **Attachments:** | image001.png |

There's nothing to meet and confer about if you cannot give me a date prior to the discovery cutoff. Nice gamesmanship… I will be filing my
Motion to compel your clients depo and for sanctions which will be tomorrow.

-Mason

Sent from my iPhone

> On Feb 29, 2024, at 5:02PM, Kimberly Harchuck <kimberly.harchuck@holihanlaw.com> wrote:
>
> Mason,
>
> Please refer to several of my previous email responses; you knew Disney was not attending yesterday based on insufficient notice and a noncompliant designation.
>
> > Feb. 8 – Disney confirmed deposition availability on Feb. 28; specifically requested at least seven business days notice to properly prepare the witness.
> > Feb. 19 – Seven business days deadline; zero communication from Defendants.
> > Feb. 21 – Seven calendar day deadline; still zero communication from Defendants. Plaintiffs' representative was notified as such.
> > Feb. 23 – You finally replied to my Feb. 8 email confirming a Feb. 28 deposition of Disney, followed by a generic Notice of Deposition at 3:48 PM, completely devoid of all FRCP 30(b)(6) requirements; effectively providing Plaintiffs with only three business days notice before the intended deposition.
>
> Since then, I've continued to work with Disney on confirming updated deposition availability or potentially using an alternate representative. As of today, the corporate representative is not available until March 18, with the exception of March 14 which is the currently scheduled date of mediation. I've also identified the notice issues at hand, which you've refused to rectify. And despite your previous email response (attached for your reference), asking "what good will a meet and confer do" – I've repeatedly offered to do a meet and confer with you and Richard to address these issues and discuss a resolution.

1

In response to your earlier email, I can't help but note that the duration of the deposition – now down to one hour from four since the Feb. 23 notice – keeps changing, much like the subject matter of the examination.  Such discrepancies are precisely why Plaintiffs have considered Defendants' Notice of Deposition as faulty and noncompliant.  Again, I would be happy to have a meet and confer with you and Richard regarding the following:

1. <u>Insufficient Deposition Notice</u> – M.D. Local Rule 3.04 requires fourteen days written notice prior to deposition.  We asked for seven days notice; you provided three business days notice.  We need adequate notice to prepare Disney's witness regarding the subject matter of the deposition, which is precisely why submitting an adequate designation is crucial for a FRCP 30(b)(6) deponent.

2. <u>Noncompliant Designation</u> – The provided generic Notice of Deposition did not reference FRCP 30(b)(6) in any manner, nor did the Notice comply with the requirements of the Rule.  We need a designation that will enable us to properly prepare the corporate representative.  A generic designation of "*the issues of this case*" is not identifying the subject matter with reasonable particularity in accordance with the Rule.  Further, it wasn't until Monday (Feb. 26) evening on a separate email thread regarding potential settlement terms, that you designated the deposition as "almost fully about" the Mickey/Minnie mouse ears/ear headbands.  See attached.  Once we receive a compliant – and more importantly accurate – designation, then we will produce a proper witness.

3. <u>Defendants' Proposed Mtn. to Compel</u> – Along with Defendants' notice and designation being noncompliant with governing rules, Defendants have repeatedly ignored our attempts to comply with the parties' duty to meet and confer in accordance with the CMSO, the Magistrate's Standing Order, and M.D. Local Rules.

Plaintiffs have done their best to move this case forward despite Defendants' continued disregard for the rules and deadlines of litigation, including Plaintiffs' most recent provision of settlement terms which have been effectively ignored since Monday evening.  In the event that settlement negotiations have broken down, then Plaintiffs will have no choice but to proceed accordingly, which includes proceeding with a Motion to Compel Discovery in Response to Defendants' Failure to Comply with Court Order.  Please note that despite the Court's Order mandating production by Wednesday, Feb. 21, Plaintiffs have yet to receive the following:

1. Defendants' properly served Amended Interrogatory Responses;
2. Defendant Hannah Martin's Amended Responses to Requests for Production;
3. Defendants' Amended Responses to Defendants' overruled objections to the Requests for Production; and
4. All documents resulting from No. 3 (as the supplemental document production was not only facially deficient [e.g.: empty folder] but also substantively lacking the requested documents).

2

Plaintiffs have put Defendants on notice of these deficiencies on approximately three occasions, with defense counsel continuing to falsely promise compliance as recent as last Friday, Feb. 23.  See attached.

Taking the above into account, I am available tomorrow to meet and confer with you and Richard regarding any of the above pending issues, or conversely, continue any reasonable settlement discussions.

Thank you.


--

**Kimberly A. Harchuck, Esq., LLM.**

<image001.png>

**Holihan Law - Partner**
1101 N. Lake Destiny Rd., Suite 400
Maitland, Florida 32751
(407) 660-8575
Kimberly.Harchuck@holihanlaw.com
www.HolihanLaw.com

This electronic message transmission contains information from Holihan Law which may be privileged, confidential, and exempt from disclosure under applicable law.  The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the employee or agent entrusted with the responsibility of delivering the message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic message in error, please notify us by calling (407) 660-8575 immediately and delete or destroy all copies of this transmission.

---

**From:** Mason Richard Wolfe <mrwolfe@wolfelawmiami.com>
**Date:** Thursday, February 29, 2024 at 9:44 AM
**To:** Kimberly Harchuck <kimberly.harchuck@holihanlaw.com>
**Cc:** Richard Wolfe <rwolfe@wolfelawmiami.com>, Aimee Jimenez <aimee@wolfelawmiami.com>, Nevaeha' M. Blucher <frontdesk@holihanlaw.com>, Daniela Alarcon <daniela.alarcon@holihanlaw.com>, Cindy Thompson <cindy.thompson@holihanlaw.com>, Michael Holihan <michael.holihan@holihanlaw.com>
**Subject:** Re: Disney v. Secret Dis Group, et al - Deposition of Disney Corporate Representative

Kimberly,

You and your client did not show up to the deposition and we obtained a CNA. Please advise if you are going to provide a new depo date or if I need to file my motion to compel a deposition and sanctions. I am being very reasonable and simply ask for a date for the depo which must be tomorrow or Monday as that is the deadline. If I don't receive a new date for the deposition (which I have already told you will only last an hour) then I will need to file my motion to compel and sanctions.

-Mason

Sent from my iPhone

3

On Feb 27, 2024, at 6:49 PM, Kimberly Harchuck <kimberly.harchuck@holihanlaw.com> wrote:

We received notice at 3:48 PM on Friday, Feb. 23, for a deposition to occur on Wednesday, Feb. 28; that is three business day's notice.

On Saturday, Feb. 24, I notified you that the original corporate representative was no longer available on Feb. 28.

Per my previous emails, I said I would contact Disney for alternate availability, and I did that yesterday (Monday).  <u>We are working on new dates of availability, or conversely, a different representative.</u>

I'm sorry if you are not happy with the speed in which the issue is being resolved, but I have communicated with you every day since receiving the notice.

In response to your claim regarding the subject matter of the deposition, the notice provided on Friday, Feb. 23, effectively identified the subject matter as "*the issues of this case*."  It was not until last night (Monday, Feb. 26) on a separate email thread regarding potential settlement terms, that you designated the deposition as "almost fully about" the Mickey/Minnie mouse ears/ear headbands.  See attached email.

We did not hear a word from your office for over two weeks regarding this deposition – you never even bothered to confirm the discussed date.  The requested reasonable notice deadline came and went – nothing.  You gave Disney three business days to find a new representative or reschedule – notwithstanding the unreasonableness of that demand – I'm doing my best to accommodate it.

Please note that as a corporate deponent, Disney has a duty to properly present and prepare the corporate representative – which is precisely why timely notice and sufficient designation are foundational to FRCP 30(b)(6) testimony.  I would be doing both parties a disservice by producing an unknowledgeable deponent.

Per my previous emails, Disney's corporate representative is not available Feb. 28 and therefore the deposition will not be going forward tomorrow.

Again, I'm still available tomorrow, so if you and Richard would like to have a meet and confer on resolving the issue, I'd be happy to do so.

Thank you.

--
**Kimberly A. Harchuck, Esq., LLM.**

<image001.png>
**Holihan Law - Partner**
1101 N. Lake Destiny Rd., Suite 400
Maitland, Florida 32751
(407) 660-8575

4

Kimberly.Harchuck@holihanlaw.com
www.HolihanLaw.com

This electronic message transmission contains information from Holihan Law which may be privileged, confidential, and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the employee or agent entrusted with the responsibility of delivering the message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic message in error, please notify us by calling (407) 660-8575 immediately and delete or destroy all copies of this transmission.

---

**From:** Mason Richard Wolfe <mrwolfe@wolfelawmiami.com>
**Date:** Tuesday, February 27, 2024 at 5:18 PM
**To:** Kimberly Harchuck <kimberly.harchuck@holihanlaw.com>
**Cc:** Richard Wolfe <rwolfe@wolfelawmiami.com>, Aimee Jimenez <aimee@wolfelawmiami.com>, Nevaeha' M. Blucher <frontdesk@holihanlaw.com>, Daniela Alarcon <daniela.alarcon@holihanlaw.com>, Cindy Thompson <cindy.thompson@holihanlaw.com>, Michael Holihan <michael.holihan@holihanlaw.com>
**Subject:** Re: Disney v. Secret Dis Group, et al - Deposition of Disney Corporate Representative

Kimberly,

Four days ago you said she was unavailable. Since then I have tried and reminded you repeatedly that I would move it to later in the day on the 28th, or any other day before the deadline but I cannot cancel my depo until you give me a new date or time that works but you still have not given me one. We will be attending the deposition tomorrow and should you or the witness not attend we will just get a Certificate of non appearance and argue it with the judge. I have already given you the subject matter that will be asked about and have confirmed how short it will be. Once you confirm a new date or time I will amend the notice to reflect the subject that I already wrote you about, which is just the trademarks that are referenced in the Complaint and the existence or lack thereof of any protectable, trademark, patent or copyright in "ears" or headbands with mouse ears on them.

**Mason Wolfe**
Attorney

<unknown.png>
<unknown.png>


Attorneys at Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
mrwolfe@wolfelawmiami.com

5

T. 305.384.7370
F. 305.384.7371
M. 786.208.9432

On Feb 27, 2024, at 5:01 PM, Kimberly Harchuck <kimberly.harchuck@holihanlaw.com> wrote:

Mason,

Please note – as well for a third time – Disney's corporate representative is no longer available tomorrow. The deposition will not be going forward tomorrow.

You gave us notice three business days prior to the proposed deposition. On top of that, the provided notice is facially and substantively insufficient, which I identified to you immediately upon receipt. M.D. Local Rule 3.04 requires fourteen days written notice prior to deposition; we only asked for one week and you didn't even provide that. Presumably – although not referenced anywhere in the notice – the deposition is requested pursuant to FRCP 30(b)(6), and we don't believe a designation of "*most knowledge of the issues of this case*" fulfills the 'reasonable particularity' requirement noted in the rule.
I told you yesterday that I would reach out to Disney for availability prior to March 4 – I did that. <u>We are working on new dates of availability, or conversely, a different representative.</u>

That said, I'm still available tomorrow, so if you and Richard would like to have a meet and confer on the issue, just let me know and I'd be happy to discuss.

Thank you.

--

**Kimberly A. Harchuck, Esq., LLM.**

<image001.png>
**Holihan Law - Partner**
1101 N. Lake Destiny Rd., Suite 400
Maitland, Florida 32751
(407) 660-8575
Kimberly.Harchuck@holihanlaw.com
www.HolihanLaw.com

This electronic message transmission contains information from Holihan Law which may be privileged, confidential, and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the employee or agent entrusted with the responsibility of delivering the message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic message in error, please notify

6

**Tuesday, March 5, 2024 at 14:53:07 Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Re: Disney v. Secret Dis Group, et al - Deposition of Disney Corporate Representative |
| **Date:** | Tuesday, February 27, 2024 at 3:40:12 PM Eastern Standard Time |
| **From:** | Mason Richard Wolfe |
| **To:** | Kimberly Harchuck |
| **CC:** | Richard Wolfe, Aimee Jimenez, Nevaeha' M. Blucher, Daniela Alarcon, Cindy Thompson, Michael Holihan |
| **Attachments:** | unknown.png, unknown.png |

Kimberly,

Below please find the info for the remote depo. I am happy to push the depo back to later in the day if that conveniences your witness more. Again, we don't need very much time. I expect only about an hour, if that.

RemoteDepo Quick Guide can be found here.
https://uslegalsupport.remotecounsel.com/documents/usl/RemoteDepo Client Guide.pdf

How to Join the Proceeding:

- Click the link below to join the proceeding from your PC, Mac, iOS or Android device.
  https://uslegalsupport.remotecounsel.com/meetings/6jroYY_R3P4/join
- Select **"Join as Participant"** on the far left of the web browser window.

Proceeding Details:

- **Case Name:** Disney Enterprises Inc vs The Secret Dis Group LLC
- **Witness Name:** (01:00 PM) CR: Disney Enterprises Inc
- **Job Number:** 6557384
- **Date:** Wednesday, February 28, 2024
- **Start Time:** 1:00 PM EST
- **Meeting ID:** 913-592-88149
- **Password:** 202800
- **Cameo Room:** Room0297

If you are also joining the proceeding by phone:

- **Dial-In:** 646-568-7788
- **Meeting ID:** 913-592-88149

**Mason Wolfe**
Attorney

7



Attorneys at Law
175 SW 7 Street
Latitude One Offices
Suite 2410
Miami, Florida 33130
mrwolfe@wolfelawmiami.com

T. 305.384.7370
F. 305.384.7371
M. 786.208.9432

> On Feb 27, 2024, at 1:55 PM, Mason Richard Wolfe <mrwolfe@wolfelawmiami.com> wrote:
>
> Kimberly,
>
> Again for the third time I am asking if you have any other proposed dates for the deposition. You asked for me to reschedule the deposition. I told you I would only reschedule tomorrow's deposition contingent on you providing me with another date. As of now I have not received ***any*** dates from you. For the record I have said that any date prior to the deadline would work for us. I again am letting you know that tomorrow's depo will not be cancelled until you provide me with a new date.
>
> **Mason Wolfe**
> Attorney
>
> <unknown.png><unknown.png>
>
> Attorneys at Law
> 175 SW 7 Street
> Latitude One Offices
> Suite 2410
> Miami, Florida 33130
> mrwolfe@wolfelawmiami.com
>
> T. 305.384.7370
> F. 305.384.7371
> M. 786.208.9432
>
>> On Feb 26, 2024, at 11:40 AM, Mason Richard Wolfe

8

<mrwolfe@wolfelawmiami.com> wrote:

Kimberly,

Surely she cannot be the only person who can testify as to what IP has been registered by your clients which are at issue here.

-Mason

Sent from my iPhone

> On Feb 26, 2024, at 10:38 AM, Kimberly Harchuck <kimberly.harchuck@holihanlaw.com> wrote:

Good Morning Mason,

Like I said, the client was notified when we didn't receive the Notice on Feb. 21. Now she is no longer available on Feb. 28. Per your request below, I will reach out to Disney today to request deposition availability prior to the discovery deadline.

Thank you.

--
**Kimberly A. Harchuck, Esq., LLM.**

<image001.png>

**Holihan Law - Partner**
1101 N. Lake Destiny Rd., Suite 400
Maitland, Florida 32751
(407) 660-8575
Kimberly.Harchuck@holihanlaw.com
www.HolihanLaw.com

This electronic message transmission contains information from Holihan Law which may be privileged, confidential, and exempt from disclosure under applicable law. The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the employee or agent entrusted with the responsibility of delivering the message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic message in error, please notify us by calling (407) 660-8575 immediately and delete or destroy all copies of this transmission.

**From:** Mason Richard Wolfe <mrwolfe@wolfelawmiami.com>
**Date:** Saturday, February 24, 2024 at 5:44 PM
**To:** Kimberly Harchuck <kimberly.harchuck@holihanlaw.com>
**Cc:** Richard Wolfe <rwolfe@wolfelawmiami.com>, Aimee Jimenez <aimee@wolfelawmiami.com>,

9

Nevaeha' M. Blucher <frontdesk@holihanlaw.com>,
Daniela Alarcon <daniela.alarcon@holihanlaw.com>,
Cindy Thompson <cindy.thompson@holihanlaw.com>,
Michael Holihan <michael.holihan@holihanlaw.com>
**Subject:** Re: Disney v. Secret Dis Group, et al - Deposition of Disney Corporate Representative

Kimberly,

First of all, Preparation for this depo would be very minimal and the date we chose is what you provided. We just would ask about the Disney IP at issue in this case and what IP at issue has actually been registered with the USPTO. You provided the date that we set but if you need us to move it, I am willing to reschedule for any day before the deadline if you give me a date by Monday.

-Mason

Sent from my iPhone

> On Feb 24, 2024, at 12:39 PM, Kimberly Harchuck <kimberly.harchuck@holihanlaw.com> wrote:
>
> Good Afternoon Mason,
>
> I've received your email below concerning the deposition of Disney's corporate representative, as well as the attached email containing the relevant Notice. In response, I'll refer you to my initial February 8 email on the topic. We made it very clear that in order to properly prepare Disney's witness, Plaintiffs needed to receive your Notice of Deposition and associated designation a minimum of seven days prior to the deposition – which is actually quite generous considering MD Local Rule 3.04 requires double that. Further, although not referenced in the attached Notice, I presume you're wanting to depose Disney's rep in accordance with FRCP 30(b)(6), and I don't believe "*most knowledge of the issues of this case*" fulfills the 'reasonable particularity' requirement noted in the rules.
>
> Defendants' deadline to provide the notice was Wednesday, Feb. 21. Our client was notified when you allowed the deadline to lapse, and she is no longer available on February 28.

10

Case 6:22-cv-02417-RBD-LHP   Document 48-3   Filed 03/06/24   Page 12 of 12 PageID 1932

If you'd like to discuss further, feel free to give me a call on Monday.

Thank you.

--
**Kimberly A. Harchuck, Esq., LLM.**

<image001.png>
**Holihan Law - Partner**
1101 N. Lake Destiny Rd., Suite 400
Maitland, Florida 32751
(407) 660-8575
Kimberly.Harchuck@holihanlaw.com
www.HolihanLaw.com

This electronic message transmission contains information from Holihan Law which may be privileged, confidential, and exempt from disclosure under applicable law.  The information is intended to be for the use of the individual or entity to which it is addressed. If you are not the intended recipient or the employee or agent entrusted with the responsibility of delivering the message to the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this electronic message in error, please notify us by calling (407) 660-8575 immediately and delete or destroy all copies of this transmission.

11