**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DISNEY ENTERPRISES, INC.,
LUCASFILM LTD. LLC and
LUCASFILM ENTERTAINMENT
COMPANY LTD. LLC,

      Plaintiffs,

v.                                      Case No:   6:22-cv-2417-RBD-LHP

THE SECRET DIS GROUP LLC,
POPSELLA INC., CHRISTOPHER B.
MARTIN and HANNAH MARTIN,

      Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S CORPORATE REPRESENTATIVE AND AWARD SANCTIONS (Doc. No. 43)**
>
> **FILED:** March 2, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Discovery in this matter closed on March 4, 2024. Doc. No. 17. By the present motion, filed on March 2, 2024, Defendants seek to compel Plaintiffs' corporate representative deposition, pursuant to Fed. R. Civ. P. 30(b)(6). Doc. No. 43. According to the motion, Plaintiffs offered February 28, 2024 for the deposition, Defendants served their notice of deposition on February 23, 2024, and Plaintiffs thereafter rescinded the February 28, 2024 offer, failed to provide additional deposition dates before the discovery deadline, and failed to appear at the February 28, 2024 deposition, which went forward. *Id.* Plaintiffs oppose the motion. Doc. No. 48.

Upon review, even setting aside the argued procedural deficiencies with the motion,[1] the motion is due to be substantively denied on the merits. Specifically, on consideration of Plaintiffs' response in opposition to the motion and the exhibits submitted in support, *see* Doc. No. 48, the Court concludes that the representations in Defendants' motion can only be characterized as disingenuous at best, and bad faith at worst.

Initially, Plaintiffs submit email communications between counsel from February 2024 that Defendants wholly fail to address and/or include with their motion, which the Court can only deem to be a deliberate omission. Doc. Nos. 48-

---

[1] *See* Doc. No. 17, at 10; Doc. No. 19.

1, 48-3.[2] Those emails demonstrate that Plaintiffs' counsel initially agreed to a February 28, 2024 deposition date, *provided that the deposition was noticed at least seven business days in advance*. *See* Doc. No. 48-1, at 2; *cf.* Local Rule 3.04 (requiring fourteen days' notice). Defendants, by their own motion, admit that they did not comply: the deposition was noticed on February 23, 2024. *See* Doc. No. 43, at 2; *see also* Doc. No. 48-2, at 2. Further, Plaintiffs notified Defendants that the areas of inquiry set forth in the deposition notice were deficient. *See* Doc. No. 48-3, at 11–12; *see also* Doc. No. 48-2, at 3 (identifying only the deponent "with most knowledge of the issues of this case"); *cf.* Fed. R. Civ. P. 30(b)(6) (requiring 30(b)(6) deposition notice to "describe with reasonable particularity the matters for examination"). What is more, Defendants proceeded with the deposition despite unequivocal and repeated confirmation from Plaintiffs' counsel that the deponent was no longer available on that date based on Defendants' failure to provide proper notice. *See* Doc. No. 48-3, at 5, 7, 10, 11–12. Finally, the email communications between counsel further demonstrate that defense counsel has at times wholly failed to meet and confer with counsel for Plaintiffs, despite requests to do so. *See, e.g., id.*, at 2–3.

---

[2] Defendants include with their motion only emails from November 7, 2023, December 6, 2023, and January 30, 2024 requesting deposition dates. *See* Doc. Nos. 43-1 through 43-4.

Based on the above, the Court has considered issuing an Order to Show Cause to Defendants as to whether sanctions should be imposed for the filing of the motion. *See* Fed. R. Civ. P. 37(a)(5)(B). Nonetheless, given the recent history of this litigation, *see* Doc. Nos. 30–48, the Court has elected to forego consideration of sanctions in this one instance, in particular because Plaintiffs do not request them. *See* Doc. No. 48. But defense counsel[3] is reminded, in the strongest terms possible, of counsel's obligations under Federal Rule of Civil Procedure 11, as well as the duty of candor owed to the Court. Future filings of this nature may result in the imposition of sanctions – against the offending party, counsel, or both.

Consequently, for the substantive reasons argued by Plaintiffs in response (Doc. No. 48), Defendants' motion (Doc. No. 43) is **DENIED**. And with the exception of the depositions scheduled to take place in the Courthouse on March 7–8, and 11, 2024, discovery is now **CLOSED.**

---

[3] Although only Richard C. Wolfe, Esq. has appeared as counsel for Defendants in this case, the record demonstrates that the case has been litigated in substantial part by an attorney named Mason R. Wolfe, who is not admitted to practice in this Court. *See, e.g.*, Doc. Nos. 48-1, 48-3. Attorney Richard C. Wolfe is cautioned that because he is counsel of record in this case, the Court presumes that any conduct by attorneys working on this case on behalf of Defendants was at his direction and under his supervision.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties